## ZUGENBUHLER v. GILLIAM AND THOMPSON.

Where the plaintiff alleged in his petition, that he is the owner of the south twenty-five feet and five inches of lot No. 72, in the town of Dubuque; that there is a two story brick building thereon, also owned by him, in which he resides, and carries on his business; that the defendants have commenced the erection of a building on the adjacent lot, No. 72 a, on the south of the plaintiff's lot, and that they have cut holes in the wall of plaintiff's building, and were preparing and threatening to use the south wall, for the purpose of introducing therein, and supporting thereon, the joists and other fixtures of the building by them commenced, without the consent of plaintiff, and against his express direction, which acts "will be greatly to the damage of petitioner, to wit: in the sum of five hundred dollars;" which petition claimed damages, "for the trespass aforesaid," to the sum of money above demanded, and also asked for an injunction, which was granted; and where the answer of the defendants admitted that the plaintiff was the owner of lot No. 72, and averred that his said building is situate partly beyond the line between lots 72 and 72 a, and is in part upon the latter; that one A. is the owner in fee of said lot 72 a, which is a corner lot in the block or square; that they are erecting a building on lot 72 a, and have cut some holes in plaintiff's wall, in which they intend to insert brick and joists, for the support of their building, as they have a right to do; that before they commenced the erection of their building, the said A. offered to pay the plaintiff, for one-half of said wall; and that he is still ready and willing so to do; and where the plaintiff replied, denying that A. had offered to pay him half the value of the wall, and averring that he has always been, and still is, willing that A. and his lessees should use the wall as a partition wall, on paying him one-half the cost of erecting the same, and one-half the value of the land upon which it stands; and where the testimony of experienced surveyors was taken, as to the location of plaintiff's building, whose evidence was conflicting, and thereupon the court appointed three referees, to survey the lots and report to the court, who reported that the building of the plaintiff, stood in the front two

inches, and in the rear six and three-fourths inches upon lot 72 *a*; and where·
the court dissolved the injunction, and rendered judgment against the plain-
tiff for costs.

*Held,* 1. That the case was an action for trespass.

2. That for the want of all those averments in the petition, which are requisite
to authorize an injunction in a case of trespass, the injunction could not be
sustained.

3. That the action of trespass could not be sustained, for the acts alleged to
have deen done by the defendants.

4. That the plaintiff had the right to build his wall midway on the line be-
tween the two lots.

5. That the defendants, by building into, and using the wall, made it a party
wall, and became liable to contribute to the cost of its erection.

The act entitled "An act respecting walls in common," approved January 24,
1855, (Laws of 1855, 130), is but declaratory of the common law on that
subject.

## Appeal from the Dubuque District Court.

THE plaintiff alleges that he is the owner of the south
twenty-five feet and five inches of lot No. 72, in the town of
Dubuque, Iowa, and that there is a two story brick building
thereon, also owned by him, in which he resides and carries
on his business; that the defendants have commenced the
erection of a building on the adjacent lot, No. 72 *a*, on the
south of the plaintiff's lot, and have cut holes in the wall of
plaintiff's building, and were preparing and threatening to
use the south wall for the purpose of introducing therein,
and supporting thereon, the joists and other fixtures of the
building by them commenced, without the consent of plain-
tiff, and against his express direction and will, which act he
alleges, "will be greatly to the damage of your petitioner,
to wit: in the sum of five hundred dollars. Wherefore,
your petitioner claims damages from," the defendants, for
the trespass aforesaid, to the sum of money above de-
manded, and asks judgment therefor, with costs. He then
prays a writ of injunction to stay the doings of the defend-
ants, and for such further relief as may be proper in the
premises.

The defendants' answer, admits that the plaintiff owns
lot No. 72, but avers that his said building is situated partly

beyond the line between lot No. 72 and 72 $a$, and is in part upon the latter.   They allege that one Ames is the owner in fee of said lot 72 $a$, (which is a corner lot in the block or square), and that they have leased the same from him.   They admit that they are erecting a building on lot 72 $a$, and that they have cut some holes in plaintiff's wall, in which they intend to insert brick and joist, (and have done so partially), for the support of their building, and this they claim they have a right to do.   They allege, that before they commenced the erection of their building, the said Ames, the owner in fee, offered to pay the plaintiff for one-half of said wall, and that he is still ready and willing so to do.   The plaintiff in his replication denies that Ames has offered to pay him half the value of the wall, and avers that he has always been, and still is, willing that Ames and his lessees should use the wall as a partition wall, on paying him one-half the cost of erecting the same, and one-half the value of the land upon which it stands.   A considerable amount of testimony was taken, it being principally that of experienced surveyors, to show on the one hand, that the plaintiff's building was wholly on lot 72, and on the other that it stood partly on lot 72 $a$. Many of the witnesses found it to stand partly on the latter lot; the witnesses varying from two to eight inches, in the front, and from six to ten inches in the rear.   During the pendency of the cause, the District Court appointed three commissioners to survey the lot with care, and report upon this question.   They reported that plaintiff's building stood in the front two inches, and in the rear six inches and three-fourths, upon lot No. 72 $a$.   Whereupon the court ordered that the injunction, (theretofore ordered), be dissolved, and that the defendants recover their costs of the plaintiff.   After this apparently final judgment, the court appointed one Hetherington, to appraise the wall between the parties, who reported thereon at the next term, that is the May term, 1855. And the cause then coming up on the said report, it was ordered and adjudged, that as a final judgment was entered at the last term of the court, the cause be stricken from the docket.   The plaintiff appeals.

*Burt & Barker*, for the appellant, cited Laws of 1855, 130 ; 2 Bouv. Ins. 178.

*Smith, KcKinlay & Poor*, for the appellees, cited *Rankin* v. *Charless*, 19 Missouri, 490; *Norway* v. *Rowe*, 19 Vesey, 147 ; 3 Paige, 213 ; 8 Vesey, 89 ; 5 Metcalf, 148 ; 3 Kent's Com. 437 ; 1 Domat. 439.

WOODWARD, J.—We have endeavored to take such a view of this cause, as to sustain the plaintiff in court, and in the action as it now stands, without examining it too strictly, give the relief which is finally indicated in this opinion. It is too manifestly an action for a trespass, to permit of its being called a bill in chancery, and dealt with accordingly. Neither can the injunction be sustained, for the want of all those averments which are requisite to an injunction in a case of trespass. *Cowles* v. *Shaw*, 2 Iowa, 496. Again, the judge or court trying the cause instead of a jury, has found the plaintiff's building to be upon the defendants' lot. This fact suggests the question, whether an action in the nature of trespass, can be sustained for the acts here done by the defendants? and we are inclined to think that it cannot. The case does not profess to have brought all the evidence to this court; nor is it intended probably, that we should review the testimony, as upon a motion for a new trial, and it is not our province to do so. We must take the *facts* as found and reported by the court below, and not the evidence upon which the facts rest.

It is very likely that the plaintiff's wall may have been erected beyond his line through mistake; for it is well known that hardly any two surveys will precisely agree, and give a town lot the same exact locality or boundaries. This difficulty is experienced where the survey must be accurate, even to an inch and less. Perhaps no two of the surveyors who were witnesses in this cause, concurred entirely. As the result of all the survey and testimony, the court find that the plaintiff's house is on the defendants' lot two inches in the front, and six inches and three-quarters in the rear. But it

Zugenbuhler v. Gilliam and Thompson.

is immaterial, we conceive, whether the building was so placed through mistake or intentionally. It is probable that the owner of lot 72, would have a right so to place it. This subject matter is referrable to the head of urban servitudes or easements. And under this view of it, there was no wrong in placing the wall midway on the line. And on the other hand, the defendants cannot gratuitously appropriate it. Neither Ames nor his lessees, have sought to have the wall removed. They build into it—they use it—and in so doing, they make it a party wall, and become liable to contribute to its cost, if the plaintiff should file his petition based upon these grounds. Bouvier (2 Inst. 178) says, where only one of the owners of two adjoining lots, wishes to build, he has a right to build the wall of the usual thickness, partly upon his own ground, and partly upon the adjoining estate. In this case, where the other owner is desirous of building, he may use so much of such party wall as he may want, by paying one-half of its value to the first builder, and then they are joint owners of so much of such party wall. And see Bouv. Dict. tit. Party Wall; 3 Kent, 435; 1 Dall. 367. The act of January 24, 1855, (pamphlet laws, 130,) is based upon the law, as above briefly expressed, and is probably but a declaration of the common law on the subject. Thus it seems unnecessary to spend time in the midst of pressing duties, to determine whether an action as for a trespass, would or would not lie in any imaginable case; but we have thought it more conducive to the interest of the parties, to venture upon these suggestions, as probably tending to the peaceful settlement of a matter concerning which there is very little cause for litigation. The judgment of the District Court will be affirmed.

After the above opinion was filed, a petition for a rehearing was presented, upon the ground that the judgment rendered would constitute a bar to a further proceeding. That judgment being regarded as one of nonsuit only, it is not considered as presenting the difficulty suggested.