AT

## COUNCIL BLUFFS, SEPTEMBER TERM, A. D. 1883.

IN THE THIRTY-SEVENTH YEAR OF THE STATE.

PRESENT:

HON. JAMES G. DAY. CHIEF JUSTICE.
   "   JAMES H. ROTHROCK,
   "   JOSEPH M. BECK,
   "   AUSTIN ADAMS,     JUDGES.
   "   WILLIAM H. SEEVERS,

## CRAPO, EX'R, v. CAMERON.

1. **Evidence**: ERRONEOUS ADMISSION OF: ERROR WITHOUT PREJUDICE. Where, in a case tried to the court, it appears that evidence erroneously admitted was not allowed to affect the judgment rendered, such erroneous admission was error without prejudice, and not reversible error.

2. **Statute of Limitations**: TITLE BY PRESCRIPTION: ADVERSE POSSESSION. Where a party erects upon a city lot, to which he claims title, a substantial and permanent brick building, which he claims to own throughout its entire extent, the circumstances attending his act amount to such a claim of title to the land upon which the building is erected, at least to the center of the walls, (see Code, § 2019,) as may, by lapse of time, ripen into a title by prescription.

3. ——: ACTION FOR USE OF WALL IN COMMON: WHEN STATUTE BEGINS
TO RUN. Where the statute of limitations was pleaded to an action to
recover compensation for the use of an alleged wall in common, but it
appeared that the defendant had recognized his obligation to pay plaint-
iff for the use of said wall by paying rent therefor within five years prior
to the bringing of the action, *held* that the statute did not begin to run
until after the last payment of rent, and that the action was not barred.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, SEPTEMBER 19.

THIS is an action to recover compensation for one-half of
an alleged wall in common, and for one-half of the ground
upon which it rests. The cause was tried to the court, and
judgment was rendered for the plaintiff for $510. The
defendant appeals. The material facts are stated in the
opinion.

*Hall* and *Huston*, for appellant.

*P. Henry Smythe & Son*, for appellee.

DAY, CH. J.—In 1858 or 1859, one Leffler owned the west
forty feet of the east half of lot 193 in the city of Burling-
ton, and erected thereon a four-story brick building, known as
the Armstrong building, extending back sixty feet. The ad-
joining lot west belonged to the defendant, then a minor, and
his guardian had leased it for a term of years to A. J. Cooper,
who erected thereon a two-story brick, fastening the joists
and beams in the Armstrong wall, and making that answer
the purpose of his east wall. Shortly after this, Armstrong
purchased the Leffler property, and owned and occupied it to
the time of his death. Cooper assigned his term and sold his
building to Lahee and Ripley, who paid Armstrong $40 a
year in quarterly installments for the use of the wall, or wall
rent. These parties assigned to R. M. Washburn, who be-
came the owner of the building, and continued to pay ground
rent to Cameron, and wall rent to Armstrong, up to 1874,
when his lease expired and Cameron purchased and became

the owner of the building. At this time Washburn leased both the lot and building of Cameron, and from that on, up to June 15, 1876, paid the wall rent to Armstrong, and charged the same to the account of Cameron by the latter's direction. In the latter part of 1876, Armstrong died, and the plaintiff, his executor, went to Cameron to collect wall rent, and he referred him to Washburn, who paid $20 for the use of the wall for the six months expiring about the time of Armstrong's death. During this time all of the parties supposed the entire wall of the Armstrong building was located upon the Leffler or Armstrong lot. When the plaintiff called upon defendant for another installment of rent, he claimed to have discovered that the wall of the Armstrong building was almost entirely upon the Cameron lot, and he refused to pay any more rent. In November, 1877, the plaintiff commenced this action to recover $20 for wall rent claimed to have become due June 1, 1877. December 20, 1879, plaintiff filed a supplemental petition, claiming payment for $100 additional for five semi-annual installments alleged to have accrued since the filing of the original petition. October 22, 1881, the plaintiff filed a supplemental petition, claiming $60 for three additional installments. At the same time the plaintiff filed an amendment to his petition, claiming of the defendant $800 as the reasonable value of one-half of the wall, and the ground upon which it stands. The defendant filed an answer consisting of a general denial and a plea of the statute of limitations.

I.  Against the objection of the defendant, the plaintiff was permitted to introduce evidence that Lahee and Ripley

1. EVIDENCE: erroneous admission of: error without prejudice. and Washburn agreed in parol to pay Armstrong $40 a year as wall rent. The admitting of this evidence is assigned as error. Section 2030 of the Code provides that no evidence of special agreements between adjoining proprietors about walls on the lines between them shall be competent, unless it be in writing signed by the parties thereto or their lawfully authorized agents. Under

this section, evidence of an oral agreement is not competent. Still, from the amount of the judgment it clearly appears that the court allowed the plaintiff for one-half of the wall, and the ground upon which it rested, and not for the rent of the wall. Therefore, whatever error there was in the admission of this evidence, was error without prejudice.

II. The evidence shows that the west wall of the Armstrong building is all, with the exception of about two inches, located upon the Cameron lot. The plaintiff claims that the defendant's title to the portion of the lot occupied by the wall is barred by the statute of limitations. The Armstrong building was erected in 1859, eighteen years before the commencement of this action, and twenty-two years before the filing of the amendment to the petition claiming the value of one-half of the wall. The defendant claims that, as the wall extended beyond the actual boundary of the lot owned by Leffler and conveyed to Armstrong, the possession is not of such a character as to bar the defendant's right, under the doctrine of *Grube v. Wells*, 34 Iowa, 148. In that case the defendant extended the line of his fence so as to include a part of an adjoining lot, under the supposition that it constituted a part of his own lot. In Angell Upon Limitations, section 390, it is said: "The clearest and most comprehensive definition of a disseizin and adverse holding, perhaps, is an actual, visible and exclusive appropriation of land, commenced and continued under a claim of right, either under an openly avowed claim or under a constructive claim, arising from the acts and circumstances attending the appropriation, to hold the land against him who was seized." And in the same section it is said: "It is the occupation with an intent to claim against the true owner which renders the entry and possession adverse," and "that it is the intention to claim title which makes the possession of the holder of the land adverse, is the doctrine upon which the decision in every case proceeds." Whatever may be the rule in a case where a party through

2. STATUTE of limitations: title by prescription: adverse posession.

mistake as to the true boundary extends his fence beyond the real line of his lot, we think that, where a party erects upon a lot to which he claims title a substantial and permanent brick building which he claims to own throughout its entire extent, the circumstances attending his act amount to a claim of title to the land upon which the building is erected, at least to the center of the walls. As the statute, section 2019 of the Code, authorizes one who is about to build contiguous to his neighbor's lot to rest one-half of his wall upon his neighbor's lot, the fact of erecting such structure would not amount to a claim of right beyond the middle line of the wall. The plaintiff's right to recover for one-half of the wall does not depend upon his ownership of all the land upon which the wall is constructed. Recovery may be had for one-half of the wall, if the wall rests equally upon the contiguous lots. We think the plaintiff has a right by prescription to one-half of the ground upon which the wall in question rests.

III. It is claimed that the plaintiff's action is barred by the statute of limitations. It is conceded that the defendant never contributed anything toward the building of the wall in question. It is probable that the grantor of Armstrong could, by injunction, have prevented the party who erected the building in question upon the Cameron lot from making use of the west wall of the Armstrong building until the payment was made for one-half the appraised value of said wall. Code, § 2020. But Armstrong's grantor seems to have permitted the building to be erected without payment and without objection. The occupants of the adjoining lot, however, recognized Armstrong's rights in the wall, and paid him $40 a year for the use thereof. The defendant, after he became the owner of the building, recognized this obligation, and authorized the payment of this sum, until, as appears from the evidence, the last of the year 1876, or the first part of the year 1877. Not until then, in our opinion, did the statute of limitations begin to run. The amendment under which the plaintiff recovered

3. ——: action for use of wall in common: when statute begins to run.

was filed October 22, 1881. The plaintiff's claim is not barred by the statute of limitations.

IV. As we have seen, the plaintiff by the erection and maintenance of his building did not acquire a prescriptive title to the ground beyond the middle line of his west wall. From the amount of the verdict it is evident that the court allowed the plaintiff for nine inches of ground, at the rate of $300 per foot front, amounting to $225. For this error the judgment will be reversed and the cause remanded for a new trial, unless the plaintiff shall enter a remittitur for $225, and consent to take judgment in this court for the balance.

