## MOLONY v. DIXON.

1. **Party Wall:** WHAT IS: RECOVERY FOR USE OF: MEASURE OF DAMAGES. Where plaintiff purchased a lot of defendant, and agreed to erect a building thereon, and it was further agreed between them that when the defendant erected a building upon the adjoining lot he would construct, in connection with the plaintiff's building, a stairway to the second story, one-half of which should be on the ground of each party, and plaintiff, accordingly, built his wall 20 inches from the line, and defendant not only used the wall so built for the purpose of the stairway, but built into it in such a way as to support his own building, and in a way not demanded for the support of the stairway, then the wall became a party wall, and plaintiff was entitled to recover one-half the value thereof at the time defendant so used it, with interest at six per cent.

2. ———: PROCEDURE: CHOICE OF REMEDIES. In such case, the defendant, before building into the wall, should have paid plaintiff one-half the value thereof, and, in case of disagreement, should have had the value appraised, as provided in section 2020 of the Code; and, upon his failing so to do, the plaintiff might possibly have enjoined his building into it; but she was not obliged to do so, nor was it necessary for her to have the value of the wall appraised, in order to maintain an action for half its value.

3. ———: PILASTER PART OF WALL. In such case, a pilaster at the front of the party wall, and on which rested the lintel over the stairway, was a part of the wall to be paid for.

4. ———: WHAT IS NOT. In such case, the wall built by defendant over and in front of the stairway was a part of the front wall of his own building, and plaintiff was not liable for half the cost thereof.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, DECEMBER 3.

ACTION to recover one-half of the cost of what the plaintiff claims to be a party wall. The defendant pleaded a counterclaim. Trial by jury, judgment for the plaintiff, and defendant appeals.

*McNett & Tisdale, E. H. Stiles* and *J. W. Dixon,* for appellant.

*J. J. Smith* and *W. H. C. Jaques,* for appellee.

SEEVERS, J.—I. In 1880 the plaintiff purchased of the defendant and J. G. Hutchinson a lot in the city of Ottumwa, upon which the plaintiff agreed to erect a two-story brick building; and it was further agreed between said parties that when the defendant constructed a building on the adjoining lot he would construct, in connection with the plaintiff's building, a stairway to the second story, of the usual width, and to be constructed in the usual manner, one-half of which should be on the ground of each party. The plaintiff erected her building, and placed a portion of her wall on her own ground, 20 inches from the line. The defendant afterwards constructed a building on the abutting lot. He also constructed a stairway, as he had agreed to do, and this action was brought by the plaintiff to recover for the cost of one-half of the wall which was 20 inches from the line, and entirely on her own land, on the theory that it was, in fact, a party wall. The court instructed the jury that, "under the contract of the parties, the defendant had the right to construct the stairway in question. In so doing, he might build into that part of the plaintiff's wall that stands on her own land, for the support of the common stairway, without making that part of the plaintiff's wall a party wall. If the defendant built into that part of the plaintiff's wall that stands entirely on her own land, only so far as it was necessary to support the common stairway, although it may incidentally afford some support to defendant's building, yet, in that event, defendant would not be liable to pay for one-half of said wall, but if the defendant built into that part of plaintiff's wall which stands entirely on her own land in such a way as to support his building, and in a way not demanded for the support of the stairway, then you should allow the plaintiff one-half of the value of that part of the wall at the time the defendant used it, with six per cent interest thereon." The defendant contends that this instruction is erroneous, and that a wall

<div style="margin-left: 2em;">
1. PARTY wall: what is: recovery for use of: measure of damages.
</div>

cannot be regarded as a party wall which is entirely on the property of one of the adjoining proprietors.   In Washburn on Easements, *467, it is said that "the cases, both in the English and the American courts, have been so few, in which the rights of parties in respect to party walls have been considered, that I have been induced by the importance of the subject to depart from the general rule in reference to this work, and borrow somewhat freely from the French law, as throwing light upon some points not yet adjudicated by the common law-courts.   But it should be remembered that by both the civil and the common law, if the subject becomes one answering to the character of a party wall, it must be made so by the agreement, actual or presumed, of the parties to that effect."   Our statute on this subject, it has been said, was copied from the civil law of Louisiana.   Note to *Bertram v. Curtis*, 31 Iowa, 46.   Therefore, it is not surprising that counsel have been unable to cite any case in which the question under consideration has been adjudicated.   The statute provides that, where a person is about to erect a building contiguous to the land of another, he may rest one-half of his wall on the land of his neighbor, and the latter has the right to make the wall a party wall by paying one-half of the expense of constructing the wall.   Code, § § 2019, 2020.   But a person is not compelled to so construct his building.   He may build it immediately on the line, but entirely on his own ground, and, without doubt, we think, the owner of the abutting property would have the right to make such wall a party wall, by connecting his building with the one constructed by his neighbor, by paying one-half of the expense of the wall, and one-half of the value of the land on which it is situate.   The statute so provides.   Code, § 2027.

The present case is materially different, the wall being not only entirely on the plaintiff's ground, but 20 inches from the line of the defendant's property.   Can such a wall become a party wall?   We think it may be so regarded under the

facts of this case, as contemplated in the instruction under consideration. The thought of the circuit court seems to have been that, as the plaintiff erected her building so that the defendant could construct a stairway, if he, in so doing, used the wall, not for stairway purposes, but as a party wall, then he should pay one-half of the expense of its construction. But for the stairway, the plaintiff would not have built her wall as she did. The stairway was for the accommodation of both parties. The plaintiff's wall answers the purpose, and is used by the defendant as a party wall. The jury, at least under the evidence, was authorized to so find. We think, if the wall was used as a party wall, and so regarded by the parties, then they should mutually contribute to the expense of its construction. An agreement should be implied from the acts and conduct of the parties. This seems to have been the thought of the court in *Zugenbuhler v. Gilliam*, 3 Iowa, 391. It is there said, in speaking of the conduct of the defendants in relation to a party wall: "They built into it, they use it, and, in so doing, they make it a party wall, and become liable to contribute to its cost." Counsel say that, if a wall 20 inches from the line may become a party wall, so may a wall which is five or ten feet distant. No such case can be anticipated, but, if the wall was so built for the purpose of constructing a stairway, as in this case, we are not prepared to say that such result would not logically follow. Stress must be laid on the fact that it was mutually agreed that the plaintiff would erect the wall as she did, and that it has been used as a party wall. Counsel further say that, when the defendant used the wall for any purpose other than for the stairway, he committed a trespass. This may be conceded, but the plaintiff may waive the trespass and sue on the implied agreement. It is further said that, as the defendant constructed a wall on his side of the stairway, it is not just to make him contribute one-half of the expense of the wall on plaintiff's side; but there is no pretense that the defendant's wall supports the plaintiff's building, nor

Molony v. Dixon.

that it in any sense is. a party wall. We think the instruction is correct, and that the verdict is warranted by the evidence.

II. It is provided by the statute that, if a party refuses to contribute to the erection of a party wall, he shall have the "right of making it a wall in common by paying to the person who built it one-half of the appraised value of the wall before using it." Code, § 2020. It is insisted that the plaintiff should have had the value of the wall ascertained by appraisers before she can maintain this action. In this proposition we do not concur. The plaintiff could have objected, and possibly by injunction have prevented the defendant from using her wall until he had paid her one-half of its cost. Before building into the plaintiff's wall the defendant should have offered to pay one-half of the expense thereof, and, if the parties were unable to agree, the defendant should have caused appraisers to ascertain the cost of the wall, and tendered one-half of such amount, and then he would have been authorized to attach his building thereto.

2. ——: procedure: choice of remedies.

III. There was evidence tending to show that there was an iron pilaster in front of, but which formed a part of, the plaintiff's wall; and that a "lintel" in the defendant's building rested on the pilaster. The lintel, as we understand, supported the wall over the stairway. The plaintiff introduced evidence showing the value of the pilaster, which the defendant moved the court to strike out, on the ground that the evidence was immaterial. The motion, as we think, was rightly overruled, because the pilaster was just as much a part of the wall as the brick and mortar.

3. ——: pilaster part of wall.

IV. The defendant sought to prove the value of the brick wall over and in front of the stairway. The court held that, as such wall was "level with the second story, it is not a part of the stairway proper. It is a part of Dixon's building, and the plaintiff is not liable to pay for one-half of that." The evidence was therefore rejected. We think the view of the court is correct, because the portion of

4. ——: what is not.

the wall over the stairway is, as the court said, a part of the defendant's building.    Having considered all the errors argued by counsel, the result is that the judgment of the circuit court must be

AFFIRMED.