E. PRICE, Appellee, v. E. E. LIEN, Appellant.

1. **Party Walls:** CONTRACTS FOR: EVIDENCE: CONSTRUCTION OF STATUTE. An agreement between adjoining lot owners for the erection of a party wall upon the line between them at their joint expense is a "special agreement" within the meaning of section 2030 of the Code, providing that no evidence of special agreements in relation to walls in common shall be competent unless it be in writing.

2. ———: ———: ———: PART PERFORMANCE. The fact that such an agreement has been partly performed will not render parol evidence of the contract admissible.

*Appeal from Wright District Court.*—HON. J. L. STEVENS, Judge.

SATURDAY, FEBRUARY 6, 1892.

THE plaintiff and the defendant are owners of adjoining lots in the town of Eagle Grove Junction. The averments of the petition are, in substance, that the parties made an oral agreement that a cellar should be excavated on the two lots; and, as each party contemplated the erection of a building, it was a part of the agreement that a wall should be erected on the line between the lots to be used as a partition wall, the cellar and wall to be at the joint and equal expense of the parties; that the parties, in pursuance of the agreement, excavated the cellar, and each paid one half of the cost thereof; that, in pursuance of the agreement, the parties entered into a verbal contract with a mechanic for the erection of the proposed wall and buildings, and that the plaintiff, relying upon the contract, advanced to the mechanic two hundred dollars; that after the excavation of the cellar, and the payment of the money to the mechanic, and before the

erection of the wall had been begun, the defendant
notified the plaintiff that he would not join in the erec-
tion of the wall, nor pay one half the cost thereof; that
the plaintiff notified the defendant to bear one half the
expense of the wall, and that, if he failed, he (plaintiff)
would erect it, and charge one half the cost to him;
that plaintiff did erect said wall, and this action is to
recover of the defendant therefor. The answer puts in
issue the allegations of the petition. There was a judg-
ment for the plaintiff, and the defendant appeals.—
*Reversed.*

F. W. *Pillsbury*, for appellant.

D. C. *Filkins*, for appellee.

GRANGER, J.—I. The only evidence offered to
prove the contract as to the erection of the wall was
oral, and admitted against the objection
of the defendant as incompetent. At the
close of the testimony the defendant
moved the court to take the case from the
jury, and render judgment for the defendant for costs,
on the ground that there was no legal evidence to sup-
port the plaintiff's cause of action. The motion was
overruled, and this action of the court was assigned as
error. There is no question but that the wall in con-
troversy is a wall in common, as recognized in the
chapter of the Code, "Of Walls in Common." The
chapter provides that owners of contiguous lots may
each build his wall on the line, and that the other may
build thereto, and specifies the duties and rights of the
owners as to such walls. After these provisions is the
following: "Sec. 2030. This chapter shall not pre-
vent adjoining proprietors from entering into special
agreements about walls on the lines between them, but
no evidence of such agreement shall be competent
unless it be in writing, signed by the parties thereto, or
their lawfully authorized agents; and, wherever such

1. PARTY walls:
contracts for:
evidence: con-
struction of
statute.

proprietor is a minor, the guardian of his estate shall have full authority to act in all matters relating to walls in common." It is because of this section that the appellant insists that the court is in error in the admission of oral evidence.

A contention arises as to whether or not the agreement in this case is a special agreement, as contemplated by the statute. The statute "Of Walls in Common" makes general provisions for the guidance of parties in regard to such rights, and they may act thereon without other agreement. The statute in such cases defines the duties and obligations of the parties, —makes a contract for them. It is general in its scope and purpose. The parties may, however, make special agreements, by which is meant agreements other than those fixed by the law for general observance. This thought has support in *Wickersham v. Orr*, 9 Iowa, 253, in the following language: "This section evidently refers to the special agreements therein specified, and not to such as in no manner differ from the contract which the law makes for the parties." If then the agreement in question is not such a one as the law, in the absence of the agreement, would have made, it is special, and comes within the rule of the section. There is nothing in the law "Of Walls in Common" that requires an adjoining lot owner to unite with his neighbor owner in the erection of a party wall, or to pay for or use the same. The neighbor may, however, place his wall on the line, and the adjoining owner may thereafter, if he so elects, use the wall by paying for his share of it, and it then becomes a "wall in common." Hence it will be seen that an adjoining lot owner is not, by the contract which the law makes for him, required to join in the construction of such a wall. The agreement in question differs from the law in this respect, and is a requirement that he shall aid in the erection, and for this reason it is a special agreement, and should be proven only in the manner provided by the statute.

II. It is, however, urged that parol evidence of the contract was admissible because there was a part performance of the contract. This claim is

2. —: —: —: made under the provisions of our statute part performance. of frauds, wherein certain exceptions are made to a law prohibiting oral evidence to establish certain classes of contracts. The prohibition is general and positive, barring the exceptions specified. The section making the exceptions (3665) refers in terms to the section and subdivisions thereof to which it applies, being section 3664 and subdivisions 1 and 4; the first being as to contracts for the sale of personal property, and the other "those for the creation or transfer of any interest in lands." The agreement in this case is not of either class. It was not an agreement for an easement or right in lands, for the law gave the necessary right to erect the wall, and there is nothing in the verbal agreement, as alleged, of such an import. Thus there is nothing in the statute of frauds to sustain the action of the court if we should hold the statute applicable to such cases. It must be that section 2030 of the Code controls, and the section seems to be of independent application so far as the statute of frauds is concerned. The contracts provided and contemplated by the law of walls in common are not of the classes controlled by the statute of frauds. The legislative intent that agreements as to walls in common shall be those arising by operation of the statute, in the absence of those written and signed by the parties, seems quite apparent. See *Crapo v. Cameron*, 61 Iowa, 447. The case of *Rindge v. Baker*, 57 N. Y. 209, is not authority, because there is nothing to indicate that it was decided under statutes like ours. The inference is quite conclusive that it was not. The defendant's motion should have been sustained.—REVERSED.