JOHN PIER, Appellant, v. GEORGE SALOT, Appellee.

**Party walls:** LIMITATION OF ACTIONS. Where an adjoining owner makes use of a party wall erected by his neighbor he becomes at once liable to pay his proportion of the value of the wall, and a right of action in favor of either party, growing out of the construction or use of the wall, is barred in five years, under the general statute of limitations relating to injuries to real property.

**Same.** Where there is neither pleading nor proof that an adjoining owner concealed his use of a party wall the defense of limitations to an action for contribution is not overcome.

**Same.** Where an adjoining owner becomes liable for his proportionate value of a party wall, by attaching his building thereto, the fact that he fails to use a chimney in the wall until a latter date will not toll the statute.

**Same.** The fact that one party in seeking to enjoin the adjacent owner from closing a chimney in a party wall, is proceeding on the theory that his use of the wall has not been such as to render him liable for a proportionate value thereof, does not affect his right to rely on the statute of limitations as a defense to a claim against him for contribution.

**Same: DECREE.** When the roof of a building is built against a party wall in such manner as to form a gutter liable to become out of repair, to the injury of the adjacent owner, the decree defining the rights of the parties should require the gutter to be kept in repair.

On rehearing. Former opinion modified, and judgment below reversed.

FRIDAY, MAY 17, 1907.

ACTION in equity to enjoin defendant from closing the chimneys in a partition wall. The defendant answered in denial and by cross-petition alleged that the partition wall had been erected by himself, and that plaintiff had made use of it without paying therefor, for which he asked an accounting. He also pleaded a counterclaim for damage done to his wall by reason of plaintiff's negligence in erecting and maintaining a roof on his own building, which cast the water falling thereon against said wall. Plaintiff denied the cross-demand, and pleaded the statute of limitations. The trial court found for the defendant against plaintiff for one-half the value of the wall, but denied the counterclaim for damages. Both parties appeal; but the plaintiff, having first perfected his, will be spoken of in this opinion as appellant.

*Longueville & Kintzinger,* for appellant.

*Wm. Graham* and *Harry F. Salot,* for appellee.

Weaver, C. J.— Plaintiff and defendant have for many years owned adjoining lots in the city of Dubuque. Prior to the year 1888, plaintiff had erected and maintained on his lot a two-story frame building, the porch of which extended to or very near the division line between the respective premises. In the year named defendant improved his lot by erecting a brick building covering the full width of the same. The partition wall, eighteen inches in thickness in the cellar and twelve inches in thickness in the superstructure, was laid one-half either side of the partition line. To accommodate this structure, some six inches of the outer edge of plaintiff's porch was sawed off. The parties appear to have then been on amicable terms, and, at the request of plaintiff, defendant constructed two chimneys in the wall, projecting in part outside of the body of the wall into plaintiff's lot, the flues being all or nearly all, on plaintiff's side of the true partition line. Plaintiff paid the extra expense caused by the construction of the chimneys. Soon after defendant had finished his brick building plaintiff extended the roof of his frame building out to the brick wall, and inclosed the porch, thus availing himself, to the extent indicated, of the use of the wall. He also cut openings in the chimneys above mentioned, and began the use thereof. In the year 1889 plaintiff extended the brick party wall some distance to the rear in connection with a building or addition erected on his premises, and soon thereafter defendant extended his porch on the rear of his building, making use of a part of the extended wall above described. For the one-half of this wall plaintiff also asks to recover from defendant, and the trial court made an allowance therefor.

I. Assuming that the parties have each made such use of a party wall erected by the other as to subject them to an accounting therefor — a question we need not here discuss — the inquiry at once arises under the pleadings and evidence whether the right of action on such claims has been barred

1. Party walls: limitation of actions.

by the statute of limitations. If this is to be answered in the affirmative, it will dispose of the principal issue in the case without need of further investigation. The record indicates that the act of the plaintiff in extending his building to the party wall, and thus inclosing his porch, was done in 1888, and the act of defendant in building his rear porch against plaintiff's wall was done in 1889. This action was begun on January 15, 1903. When did the right of action, if any, accrue? The party-wall statute, Code, section 2995, provides that if one of the adjoining owners builds the wall at his own expense, the other may make it a wall in common by paying the one who erected it one-half of its appraised value at the time of using it. The general statute of limitations (Code, section 3447) provides that actions founded on unwritten contracts, and those brought for injuries to property, and all other actions not otherwise provided for in this respect, may be begun at any time within five years after their cause accrues; and as there appears to be no special limitation provided for actions of this nature, the general statutory rule just cited must be held applicable. We have then to inquire when, if ever, the right of action accrued upon the claim and counterclaim made in this case.

As early as the year 1856 this court, construing the party-wall statute as it then existed, said that it was simply declaratory of the common law, and held that a lot owner, making use of a party wall to the erection of which he had not contributed, was not liable as a trespasser; but he could not gratuitously appropriate such wall, and when he did build into it, or make use of it as a party wall, he became liable to the builder of the wall for contribution. *Zugenbuhler v. Gillium,* 3 Iowa, 391. The effect of this holding would seem to be that whenever the adjoining owner makes use of a party wall erected by his neighbor he becomes liable at once as upon an implied promise or statutory obligation to pay his just proportion of the value of such wall. In *Wickersham v. Orr,* 9 Iowa, 253, and again in *Swift v. Calnan,* 102 Iowa,

206, action was brought to recover upon the oral agreement of one lot owner to pay the other one-half the value of a party wall whenever the promisors should make use of it. In each case it was contended in defense that the proof of the oral agreement was incompetent under Code, section 3003, which provides that all special agreements concerning party walls must be in writing; but the objection was overruled on the ground that the oral contract was identical with the one which the law makes for the parties. In other words, according to the precedents, the law implies or creates an obligation to pay whenever the adjoining owner undertakes to avail himself of the benefits of the party wall as such. The cases of *Deere v. Weir,* 91 Iowa, 422; *Molony v. Dixon,* 65 Iowa, 136; *Monroe Lodge v. Bank,* 112 Iowa, 487, and *Howell v. Goss,* 128 Iowa, 569, all recognize the soundness of this proposition. In the *Howell* case we said of a party wishing to make use of a wall erected by his neighbor that " as soon as he desires to advantage himself of the new wall by carrying his building further up, he must pay his proportion of the appraised value of raising it." In the *Molony* case, counsel for the defendant having argued that the latter's liability for using a party wall to which he had not contributed was in the nature of damages for trespass, we disposed of the objection by saying that, conceding such to be the case, it was the privilege of the plaintiff to waive the trespass and sue, " on the implied agreement." We further held in the same case that, although the statute makes the party appropriating the use of a wall built by another liable for one-half its " appraised value," such appraisement is not a condition precedent to a right of action by the latter.

We conclude, therefore, from the plain reading of the statute, and from the manner in which it has been heretofore construed and applied by us, that a right of action to the plaintiff upon his claim, and to defendant upon his counterclaim for payment for one-half the value of the wall built by them, respectively, accrued not later than the year

1889, and is therefore barred by the statute of limitations. The decision in *Crapo, Executor, v. Cameron,* 61 Iowa, 447, may at first blush seem inconsistent with this view, but an examination of that case will demonstrate its entire harmony with our views as expressed in the other cases above cited. In that case one Armstrong, plaintiff's testate, erected a building on his lot in the city of Burlington, placing the wall on what he assumed to be the line, and paying the entire expense. The owner of the adjoining vacant lot leased it for a term of years to tenants, who erected a building thereon, making use of the division wall under an agreement by which they paid wall rent of $40 a year to the owner of the Armstrong building. Thereafter, the lease of the lot having expired, Cameron, the owner of the lot, purchased the building which had been erected by the tenant, and for the first time became owner of the entire property, and leased it to one Washurn, who continued to pay the wall rent, but was credited with the amount of such rent in his settlement with Cameron. After a time Cameron, claiming to have discovered that the entire wall stood on his lot, refused to pay further wall rent. Action was brought to recover such rent, but by amendment recovery was finally sought for the value of half of the wall. To this demand the statute of limitations was pleaded. Under these circumstances we held that by taking a lease of the wall the defendant's tenants recognized plaintiff's rights therein, and defendant, having continued or authorized the continued payment of such rent after he had purchased the building, the right of action against him did not accrue until he repudiated the lease and refused to pay rent.

The builder of the wall has the right to insist upon the payment of one-half its value immediately upon its appropriation by the other party. Indeed there is no good reason apparent why the owner may not object at the very outset, and by injunction prevent the use of the wall by his neighbor altogether until payment therefor is made. *Crapo v.*

*Cameron, supra; Molony v. Dixon, supra.* But if the neighbor is unprepared to pay such value immediately, and prefers for the time being to pay rent for such use, and the parties agree upon such an arrangement for a month, a year, or a series of years, why is not the right of action for the value of the wall suspended pending the expiration of such agreement? Such, at least, was our conclusion in the case referred to; but the rule there laid down is not applicable here, because there is no pretense of any arrangement or agreement between the parties other than such as the law implies, and had the suit been begun immediately upon the act of the plaintiff in extending his building to the party wall, or upon the act of the defendant in erecting his porch against the wall built by plaintiff, it certainly could not have been abated as having been prematurely brought. If suit could have been brought then, when and how has the right ever been suspended, or how has the statute been tolled? If, under the doctrine of the *Crapo* case, some denial by one party of the other's rights in the wall was necessary to set the statute in motion, such denial is found in the very act by which one of them attaches his building to the wall erected by the other. In another branch of this same *Crapo* case it was held that, although the wall had been built over the line so as to rest almost its entire width on the defendant's lot by mistake of the builder as to the true location of such line, nevertheless the act of the plaintiff's grantor in erecting the wall was in itself such an assertion of right as would ripen into a perfect title in ten years. Certainly the act of one owner in extending a party wall too far over the lot line is not a more unequivocal assertion of a hostile right than is the act of the other party in assuming possession and use of one-half of such wall to which he had contributed nothing, and if one is sufficient to set the statute in motion, we think it equally clear the other will have the same effect.

Counsel for appellee suggest in argument that plaintiff

concealed his use of the wall, and is therefore not in position to insist upon the limitations. The pleadings present no such issue, and if they did there is not any testimony in the record to justify such a conclusion.

**2. SAME.**

So, too, the claim made that plaintiff did not use one of the chimneys in the wall until within a recent period is unavailing. If the inclosure of plaintiff's building and attaching it to the party wall rendered him liable to pay one-half its value, and such is the theory of defendant's counterclaim, the fact that plaintiff did not use one of the chimney flues within the inclosed wall until a later date would not furnish a new cause of action, nor set the statute running anew.

**3. SAME.**

We may say, also, that the fact that, in beginning his action plaintiff held to the theory that his use of the wall was not such as to render him liable under the party-wall statute, cannot affect his right to rely upon the statute of limitations as against the defendant's counterclaim. As to the counterclaim, he is a defendant, and as such may deny that any liability ever attached to him in the premises, and at the same time insist that if such liability did attach, action to enforce it is barred by the statute of limitations. The conclusion we have indicated is equally fatal to plaintiff's claim and defendant's counterclaim, so far as they seek to recover damages for the use or appropriation of the party wall. As the effect of this is to affirm the plaintiff's right to the continued use of the wall, defendant should be enjoined against interfering with that use, and against obstructing the chimneys.

**4. SAME.**

II. As to defendant's counterclaim for damages on account of plaintiff's roof, the record is insufficient to sustain a finding in his favor. It is to be said, however, that the roof of plaintiff's building is built against the party wall, which is flashed with tin, forming a gutter which is liable to get out of repair to the injury of the defendant. The final decree should require plaintiff

**5. SAME: decree.**

to keep this gutter in repair, and clear of accumulations of ice, snow, or other materials which are likely to cause the water to overflow the flashing and soak into or through the wall.

The decree of the district court will be reversed on plaintiff's appeal, and cause remanded, with directions to enter a decree in harmony with this opinion.— *Reversed.*