LEWIS HRUSKA et al., Appellees, v. E. F. RATE ESTATE et al., Appellants.

**PARTY WALLS:** Agreements—Evidence. It is quite immaterial that the court permits a party to testify to an *oral* agreement relative to

a party wall, when the oral agreement is identical with the obligation created by statute.

**PARTY WALLS: Measure of Contribution.** The measure of contribution which the nonerecting party-wall owner must make to a party wall is one half of the value of the wall *at the time he commences to use the wall.*

**PARTY WALLS: Measure of Contribution—Evidence.** Testimony tending to show what it would *cost to build* a party wall at the time the nonerecting party commenced to use the wall, is admissible as bearing on the then value of the wall.

*Appeal from Cedar Rapids Superior Court.*—ATHERTON B. CLARK, Judge.

APRIL 4, 1922.

ACTION at law, to recover one half the value of a party wall. Verdict and judgment for plaintiffs. Defendants appeal.—*Affirmed.*

*Ring & Hann,* for appellants.

No appearance for appellees.

STEVENS, C. J.—Plaintiffs are the owners of a lot in Cedar Rapids, upon which their grantors in 1885 erected a brick wall, one half of which rests upon an adjoining lot. The wall was not used by the adjoining owner until in 1917. The petition is in the usual form of an action of this kind. The answer admits the ownership of the lots as alleged, denies that any part of the wall was erected on plaintiffs' property and avers that defendants' grantors used said wall from and after the date of its erection.

Plaintiffs, by way of reply, alleged that it was orally agreed between plaintiffs and defendants' grantors that, if a new and more permanent structure were erected by defendants' grantors or their grantees, and a new and permanent use made of the partition wall, then defendants' grantees or successors would pay their proportion of the cost thereof.

Defendants thereupon moved to require plaintiffs to state

whether the alleged agreement was oral or in writing. The motion was sustained, and plaintiffs alleged that the agreement was oral. The cause was tried to a jury, and a verdict returned in favor of plaintiffs for $340. Appellants complain of many rulings of the court upon objections to the offer of testimony, and of alleged errors in the various paragraphs of the court's charge to the jury.

I. Plaintiffs were permitted, over the objection of defendants that same was hearsay and incompetent, to introduce testimony of an oral agreement between the grantors of the respective parties, who owned the lots at the time the wall was constructed, to the effect that defendants' grantors or their successors would pay the proportionate cost of the wall, which appears to have been of substantial brick construction when used by them. Section 3003 of the Code of 1897 provides that no evidence of special agreements "about walls" shall be competent unless in writing. *Howell v. Goss,* 128 Iowa 569; *Price v. Lien,* 84 Iowa 590. We held, in *Wickersham v. Orr,* 9 Iowa 253, that the statute "evidently refers to the *special* agreements therein specified, and not to such as in no manner differ from the contract which the law makes for the parties."

1. PARTY WALLS: agreements: evidence.

The law implies or creates an obligation to pay whenever the adjoining owner undertakes to avail himself of the benefits or use of the wall. Section 3000, Code of 1897; *Pier v. Salot,* 134 Iowa 357; *Price v. Lien,* supra; *Younker v. McCutchen,* 177 Iowa 634. The alleged oral agreement is, in effect, identical with the obligation created by law. This evidence could not have been prejudicial to the defendants. It did not tend to establish a greater or different liability than that created by the statute.

II. The exceptions preserved by appellants to the instructions are not all quite clear, and, so far as we are able to discover, are without particular merit. The court permitted plaintiffs to prove what it would cost to construct the wall in 1917, at the time defendants made use thereof. The evidence offered by appellants tended to show the original cost of the construction of the wall. The court instructed the jury that the measure of plaintiffs' recovery was one half its value at the time it became a party wall

2. PARTY WALLS: measure of contribution.

by defendants' use of it.   The exception to this instruction is
that it does not state the correct measure of recovery.   Section
3000 of the Code of 1897 provides that:

"Every proprietor joining a wall has the right of making it
a wall in common, in whole or in part, by repaying to the owner
thereof one half of its value, or one half of the part which he
wishes to hold in common, * * *"

The instruction may be somewhat lacking in fullness, but
the measure of recovery is correctly stated therein.   The only
other evidence upon the question of value was a conclusion on
the part of one of plaintiffs' witnesses that one
half of the wall was worth $404.   This testimony
was received without appropriate objection.   It
was proper for plaintiffs to show what it would cost to build the
wall at the time the use by appellant began, as throwing light
upon the question of its value at that time.   It was, of course,
not conclusive.   The wall, as stated, was erected in 1885, and
no doubt its value was, to some extent at least, depreciated.
The evidence of neither party tended to show the extent of its
depreciation in value.   The verdict of the jury, as stated, was
$340, which is not very much in excess of the original cost of
one half of the wall.   The conclusion of the jury seems to be
fairly supported by the evidence.

3. PARTY WALLS: measure of contribution: evidence.

Numerous other exceptions to the instructions are discussed
by counsel.   We have examined them with care, and are satis-
fied that they are not open to the exceptions urged.   It will
serve no good purpose to treat or consider them separately.
Since we find no reversible error in the record, the judgment of
the court below is—*Affirmed*.

EVANS, ARTHUR, and FAVILLE, JJ., concur.