J. H. NOLAN v. JOHN MENDERE.

No. 6433.

</div>

**1. Party Wall—Use of Wall by Adjoining Owner.**—Plaintiff built a house with one wall upon edge of his lot. The owner of the adjoining lot erected three walls, using plaintiff's wall for the fourth, for a stable. Suit for use and damage to the wall.

There being a conflict in the testimony whether defendant did anything more than simply use plaintiff's wall to form part of the enclosure, it was error to refuse instructions:

"1.   If you believe from the evidence that the defendant did not join any of his buildings to plaintiff's wall, and is not using plaintiff's wall except as it may be adjacent to his own lot, he would not be liable for rent of such building.   Defendant can only be made liable for rent of such of plaintiff's property as he may have taken into his possession.

"2.   The mere fact that plaintiff's wall may be beneficial to defendant does not entitle plaintiff to rent or damages for its use.   Before finding damages for its use you must believe that defendant has joined his building to said wall, or has built entirely up to said wall, or has said wall in actual use."

2.   **Rights of Adjacent Land Owners.**—If one proprietor enclose his land, putting his fence upon his line, the owner of the adjacent land may avail himself of the advantage thereby afforded him of enclosing his own land without incurring any liability for the use of his neighbor's fence; so of a wall of a house.

APPEAL from Grayson.   Tried below before Hon. D. H. Scott.
The opinion gives a statement.

*Hare, Edmundson & Hare,* for appellant.—Had there been an agreement between Mendere and Nolan to the effect that Mendere should build a party wall and that Nolan should pay him one-half the expense thereof whenever he used it as a party wall, and Nolan had then built his shed against it, he could not have avoided his liability to pay for the use of such wall by failing to fasten his shed thereto.   But in the absence of any agreement the shed must have been fastened or built up to the wall in order to render its owner responsible for the use of such wall.   Washb. on Ease., 4 ed., 612, citing Greenwald v. Kappes, 31 Ind., 216.

*W. M. Peck* and *W. W. Wilkins,* for appellee, cited Oliver v. Chapman, 15 Texas, 409;  Floyd v. Rice, 28 Texas, 344;  Estes v. Browning, 11 Texas, 246;  Rankin v. Charles, 19 Mo., 490;  Hardy v. De Leon, 5 Texas, 238; Sacket's Ins. to Juries, secs. 20, 23, 27.

GAINES, ASSOCIATE JUSTICE.—The appellant and appellee were owners of adjacent lots in the city of Denison.   Before the commencement of this suit appellee erected a stone building upon his lot.   Appellant having refused to pay one-half of the expense of a common or party wall, the east wall was built entirely upon appellee's own land and extended to his east boundary line, which was the west boundary of appellant's lot. At the time of the erection of appellee's house that portion of appellant's lot which adjoined it was vacant, but subsequent thereto appellant erected a wooden shed upon his lot by enclosing three sides—the appellee's wall acting as an enclosure for the fourth.

The appellee brought this action against appellant to recover damages for an injury to his wall alleged to have been caused by appellant in at-

taching his wooden structure thereto, and also to recover compensation for the use of the wall.

The plaintiff's testimony tended to show that the defendant's structure was annexed to the wall, and that it had been seriously damaged by an employe of defendant, who in order to construct a gutter for the roof of the shed had drilled holes in the wall and had thereby loosened the stone and mortar. The testimony for the defendant tended to show that his wooden structure was upon his own land and did not touch plaintiff's wall. He admitted that his tinner had made holes in the wall, but testified that when plaintiff objected he ordered the workman to desist, and that the wall was not used to support the gutter. The testimony of defendant's witnesses tended to show that the drilling of the holes in the wall did not seriously damage it.

Upon the trial the defendant asked that the following instructions be given to the jury:

"1. If you believe from the evidence that the defendant did not join any of his buildings to plaintiff's wall, and is not using plaintiff's wall except as it may be adjacent to his own lot, he would not be liable for rent of such building. Defendant can only be made liable for rent of such of plaintiff's property as he may have taken into his possession.

"2. The mere fact that plaintiff's wall may be beneficial to defendant does not entitle plaintiff to rent or damages for its use. Before finding damages for its use you must believe that defendant has joined his building to said wall or has built up to said wall or has said wall in actual use."

Both of these special charges were refused. The refusal of each is separately assigned as error. Appellee claims there was no error in refusing these instructions, because the law had been properly presented to the jury in the general charge. The court instructed the jury that if defendant used the plaintiff's wall the plaintiff would be entitled to recover for such use, but failed to instruct them what would constitute such use as would make the defendant legally liable. If the legal propositions involved in the charges refused are sound, then the charge given by the court was deficient. The question then is whether the owner of a town or city lot is liable to the owner of an adjacent wall when he merely avails himself of it as a part of the enclosure of his premises. We think not.

We have found no authority in support of the affirmative of the proposition. If any liability for the use and occupation of the wall would exist in such a case, a similar liability would exist whenever one farmer availed himself of his neighbor's fence to complete the enclosure of his own land. Yet we find no authority that recognizes any liability in that case. We take the law to be that if one proprietor encloses his land, putting his fence upon his line, the owner of the adjacent land may avail himself of the advantage thereby afforded him of enclosing his own land without incurring any liability to account for the use of his neighbor's fence. For

any injury to it he would, of course, be liable. So in this case, if the appellant completed his structure without touching or otherwise encroaching upon the appellee's wall, the mere fact that the wall passively served as an enclosure to his structure on its west side would not render him liable to account for the use of it.

If the charges had been given and the jury had rendered the same verdict there would have been evidence enough to sustain it. But we can not know whether the jury have given a verdict for the use of the wall or for damages to it. If they gave a verdict for the use of the wall, and if the appellant's shed is not in any manner attached to or supported by the wall, as he testified, the verdict is contrary to the law.

For the error of the court in refusing the charges requested, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 6, 1890.