DEERE, WELLS & COMPANY v. WEIR-SHUGART COMPANY, Appellant.

**Party Wall, What may be.** Where a wooden building is permanently attached to an adjoining brick wall which latter is used as one wall of the wooden building, recovery may be had for the use and half value of the brick wall though no joists and timbers have been let into it.

*Appeal from Council Bluffs Superior Court.*—HON. J. E. F. McGEE, Judge.

FRIDAY, MAY 25, 1894.

ACTION at law to recover one half of the value of a wall, and for its use. There was a trial by the court without the aid of a jury, and a judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Sims & Bainbridge* for appellant.

*Harl & McCabe* for appellee.

ROBINSON, J.—The parties to this action own adjoining lots in the city of Council Bluffs. The plain-

tiff constructed upon its lot, and now occupies, a three-story brick building, the south half of the south wall of which was built on the lot now owned by defendant. At that time, it was owned by Shugart, Waite & Weir, who thereafter erected upon it a two-story frame warehouse. They were succeeded in the ownership of the lot and business by the defendant, by whom the warehouse is now occupied. It is claimed by the plaintiff that the south wall of its building is a party wall, for the use and one half the value of which the defendant is liable. The superior court rendered judgment for the plaintiff in the sum of five hundred dollars. The appellant contends that the evidence was not sufficient to authorize the superior court to find that the wall in question is a party wall, and whether it was, is the only question we are required to determine. Section 2019 of the Code provides as follows: "In cities, towns, and other places surveyed into building lots, the plats whereof are recorded, he who is about to build contiguous to the land of his neighbor may, if there be no wall on the line between them, build a brick or stone wall, at least as high as the first story * * * and rest the one half of the same on his neighbor's land, but the latter shall not be compelled to contribute to the expense of said wall." Other sections provide for making walls so built, walls in common. The wall in question was made without openings, and in all respects fulfills the requirements of a wall in common. The plaintiff claims that the defendant is using it as such a wall, and it is not denied that, if such is the case, the defendant should pay a share of its value. None of the joists or other timbers of the warehouse are let into the wall, and it is not necessary to support the warehouse in any respect. Nevertheless, when the latter was built the north ends of its east and west sides and roof were attached to the wall. There

is some conflict in the evidence in regard to the mode and strength of the attachment, but the court was authorized to find that it was intended to be permanent. The warehouse was inclosed by its builders on the east, west, and south sides, but was inclosed on the north only by the wall of the plaintiff. Next to that wall were kept machinery and supplies, which require protection from the weather, and the wall answered all purposes of one side of the warehouse. It is true that a most important use of a party wall is to give support to the buildings to which it is common, as by bearing weight of floors and roof, but it is not the only use, and in many cases it is not the chief one. Walls are not only important to support floors and roofs, but they are as necessary to inclose buildings, and make them fit for use. The evidence in this case tends to show that the wall has been made an essential part of the warehouse, and that the use which the defendant is making of it is designed to be permanent. The questions involved were of fact, and the conclusions of the superior court were so far supported by the evidence that we are not authorized to disturb the judgment founded upon them. In *Bank v. Boyce,* 84 Iowa, 288, 50 N. W. Rep. 986, it appeared that the defendant had erected a separate wall for his building, and it was held that the fact that it was made of inferior material because of the proximity of the wall of the plaintiff, from which it received some incidental benefit, did not make the latter a wall in common. That case is unlike this with respect to controlling facts, and is more like that of *Kingsland v. Tucker* (N. Y. App.), 22 N. E. Rep. 268. In *Nolan v. Mendere,* 77 Tex. 565, 14 S. W. Rep. 167, it appears that the facts were in some respects similar to those involved in this case, but the wall in question in that case was built wholly on the lot of the builder. The owner of the adjoining lot erected upon it a wooden shed, one side of which was

inclosed by the wall, and the action was brought to recover damages for injury to the wall, and compensation for its use. The facts involved in this case are materially different from those which were controlling in that, and it can not be regarded as an authority against the conclusion we have announced. The judgment of the superior court is AFFIRMED.