### JOHN R. GRIFFIN v. L. H. SANSOM.

Decided March 7, 1903.

**1.—Party Wall—Rebuilding—Liability of Adjoining Owner.**

Where the action was to recover one-half of the cost of rebuilding a party wall, evidence that defendant, on being told of plaintiff's intention to rebuild, said it would be two or three years before he would use it, and he would not assist, though he expected to build sometime, coupled with defendant's failure to object to the rebuilding, is not sufficient to establish an agreement by defendant to pay one-half the cost, as alleged in plaintiff's petition.

**2.—Same—Subsequent Use.**

The mere fact that an adjoining owner makes use of a party wall rebuilt and standing partly on his land, but to the rebuilding of which he has not agreed to contribute, nor induced by countenancing an expectation of contribution, will not render him liable for one-half the cost of rebuilding the wall.

Appeal from the County Court of Hill. Tried below before Hon. L. C. Hill.

*Spell & Phillips,* for appellant.

*Douglass & Shurtleff* and *Thomas Ivy,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—A party wall which stood on the dividing line between the lots of Sansom and Griffin was destroyed by natural causes. The wall was rebuilt by Sansom, and he brought this suit against Griffin to recover one-half the cost of rebuilding. A trial resulted in a judgment in favor of the plaintiff, and the defendant appealed.

It was alleged in the plaintiff's petition "that the defendant had notice of the rebuilding of said wall, one-half on plaintiff's and one-half on defendant's lot, and it was so rebuilt with the knowledge and consent of defendant; that said defendant agreed that said wall be rebuilt, and promised to do what was right about his part of same; that defendant meant and promised thereby to pay for his part, or one-half of same; that plaintiff, relying thereon, rebuilt the wall, and that the defendant thereby became indebted to plaintiff for one-half of said wall so rebuilt by plaintiff." On the trial the plaintiff testified as follows: "When I went to rebuild the division wall between my lot and defendant's, I went to defendant and asked him to help me rebuild it, and he told me that it might be two or three years before he would use it, and he would not help me build it back. I asked him if he did not expect to build there sometime, and he said yes, and I said, then why not help me build it back? That is all the conversation I think we had. * * * When I went to rebuild the wall I went to him and told him about going to rebuild, and he told me in this connection just what I stated awhile ago, and I told him that he had to pay for one-half the wall. He never made any objection to paying for one-half the wall. He knew

of my rebuilding the wall, and never objected to it." It is manifest that this testimony does not establish the promise or agreement alleged, and that if the plaintiff's petition does not state a cause of action, independent of such promise or agreement, the judgment in his favor was not warranted. It was alleged in the petition that after the plaintiff had rebuilt the wall the defendant joined to and made use of the same. That fact would not, of itself alone, render the defendant liable for any part of the cost of rebuilding. The owner of real estate may lawfully appropriate to his own use improvements which have been voluntarily placed thereon by another, without becoming liable for the value of such improvements. Antomarchi's Exr. v. Russell, 63 Ala., 356, 35 Am. Rep., 40. The defendant herein was under no legal obligation to assist in rebuilding the wall, and mere knowledge on his part that the plaintiff was rebuilding the wall would not create such obligation. If, however, the plaintiff built the wall with the expectation that the defendant would, when he got ready to make use of the same, pay part of the cost of construction, and the defendant had reason to know that the plaintiff was so acting with that expectation, and allowed him so to act without objection, then the defendant, when he joined to and made use of the wall, would become liable to the plaintiff for one-half of the cost of the wall. Day v. Caton, 119 Mass., 513. No such cause of action is set up in the petition and no other theory of liability is suggested by the evidence. The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*