CONNER v. JOY.

(Court of Civil Appeals of Texas. Ft. Worth.
June 15, 1912. Rehearing Denied
Oct. 19, 1912.)

1. PARTY WALLS (§ 8*)—RIGHTS AND LIA-
BILITIES OF ADJOINING OWNERS.

A lot owner who, in erecting a building
on his lot, makes use of the wall of an ad-
joining building, is not relieved from paying
his share of the cost of such wall by the
fact that the wall extends on his lot several
inches, where the wall has stood where it now
stands for more than 10 years, since the ad-
joining owner has acquired title by limitation,
and the existence and use of the wall, even if
short of the period of limitation, authorizes
a presumption that the wall was originally
built as a party wall.

[Ed. Note.—For other cases, see Party Walls,
Cent. Dig. §§ 24–41; Dec. Dig. § 8.*]

2. PARTY WALLS (§ 8*)—RIGHTS AND LIABIL-
ITIES OF ADJOINING OWNERS.

A proprietor of land has no right to
avail himself of the division wall built by an
adjacent proprietor before paying his propor-
tionate share of the cost of its erection; for,
until he pays such share, the wall is not one
in common, but the exclusive property of the
builder.

[Ed. Note.—For other cases, see Party Walls,
Cent. Dig. §§ 24–41; Dec. Dig. § 8.*]

3. PARTY WALLS (§ 8*)—RIGHTS AND LIABIL-
ITIES OF ADJOINING OWNERS.

While an adjoining owner does not become
liable for a part of the cost of a party wall
standing partly on his land, to the erection of
which he has not agreed to contribute, by
merely making incidental use thereof, where
such a party closed windows in a wall and
drilled holes therein for the support of rafters
and joists and otherwise made the wall an
integral part of his building, he became so
liable.

[Ed. Note.—For other cases, see Party Walls,
Cent. Dig. §§ 24–41; Dec. Dig. § 8.*]

Appeal from District Court, Archer Coun-
ty; P. A. Martin, Judge.

Action by M. A. Joy against C. R. Conner.
Judgment for plaintiff, and defendant ap-
peals. Affirmed.

W. E. Forgy, of Archer, for appellant. R.
E. Taylor and Allen & Allen, all of Henriet-
ta, for appellee.

CONNER, C. J. Appellee instituted this
suit to recover one-half of the value of the
south wall of a brick and stone building own-
ed by him to which it was alleged appellant
attached a building by him erected on the
adjoining lot. The wall was alleged to be
of stone and brick and of the value of $2,000.
Appellant pleaded the general denial, and
specially that the wall in question had been
erected about 18 inches over on the lot be-
longing to him, and that, in order for him to
inclose his said lot with a building, he was
necessarily compelled to tie onto the wall
of the plaintiff. The only issue submitted
was that of the value of the wall in question
at the time it was appropriated by the de-
fendant as the north wall of his new build-
ing. The jury in answer to this special issue

found that the value of the wall was $1,000,
whereupon the court entered judgment in ap-
pellee's favor for the sum of $500, from
which judgment the defendant has duly ap-
pealed.

On the issue of the value of the wall the
evidence was conflicting, but it is undisputed
that appellee owned a two-story stone and
brick building that for some ten or more
years had been located upon lot 5 and block
4 in Archer City; that appellant owned the
lot immediately south of that owned by appel-
lee, and in March, 1910, began the construc-
tion of a two-story stone building which was
completed in due time; that in constructing
his building appellant used the south wall
of appellee's building for the north wall of
his own, placing the joists and rafters of the
new building within and upon appellee's wall.

[1] Appellant's assignments of error seem
not to be in accord with the rules as appellee
urges, but we have nevertheless considered
the record, and find no substantial merit in
the appeal. Appellee's adverse claim and
use of the old building and wall for more
than 10 years as he alleged is undisputed.
The fact, then, if it be so admitted, and as
there was some evidence tending to show,
that the wall in question extended over on
appellant's lot some seven or more inches, is
not controlling, for appellee had thus acquir-
ed by limitation full title prior to appellant's
use of the same. Indeed, this conclusion is
not essential to appellee's right of recovery.
There is nothing in the evidence indicating
that the wall was not so built by agreement
on the part of the owners of the several
lots at the time the wall was originally built.
The long undisputed existence and use of the
wall by the appellee, even if short of the pe-
riod of limitation, would authorize the pre-
sumption that the wall was originally built
as a party wall. Appellant, therefore, at all
events became liable for one-half of the cost
or value of the wall by the undisputed use
he made of it, and the court committed no
error in only submitting the issue of value;
the evidence on all other material issues be-
ing undisputed.

[2] "A proprietor of land has no right to
avail himself of a division wall built by an
adjacent proprietor before paying his pro-
portionate share of the costs of its erection,
for, until he pays his share of the cost, the
wall is not one in common, but the exclusive
property of the builder." 30 Cyc. p. 788;
Deere, Wells & Co. v. Weir-Shugart Co., 91
Iowa, 422, 59 N. W. 255; Costa v. Whitehead,
20 La. Ann. 341; Zugenbuhler v. Gillian, 3
Iowa, 391.

[3] True, as held in Nolan v. Mendere, 77
Tex. 565, 14 S. W. 167, 19 Am. St. Rep. 801,
Griffin v. Sansom, 31 Tex. Civ. App. 560, 72
S. W. 864, and other cases that might be
cited, the mere fact that an adjoining owner
makes incidental use of a party wall stand-

ing partly on his land and to the erection of which he has not agreed to contribute does not render him liable for any part of the cost, but here there was more than this. Appellant in the construction of his building closed windows in appellee's wall, drilled holes therein for the support of rafters and joists, and otherwise made the wall an integral part of his building. Moreover, the correspondence between the parties clearly imports a promise on appellant's part to pay something for the use of the wall as in his letters he solicited; the only controversy appearing to arise over the amount that appellant should pay.

We conclude on the whole that no error in the proceedings has been presented, and that the judgment should be affirmed.