H. E. WHITTENBURG ET AL V. J. C. PENNEY COMPANY.

No. 7761. Decided March 18, 1942.
Rehearing overruled April 29, 1942.
(161 S. W., 2d Series, 447.)

*Kelley & Looney* and *L. C. McLean,* all of Edinburg, and *Charles E. Thompson,* of McAllen, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that the right of reimbursement to J. C. Penney & Company was not extinguished by the judgment. Burrage v. Hunt Production Co., 114 S. W. (2d) 1228; Crane v. Blum, 56 Texas 325, 330; 20 R. C. L. 1083.

*B. D. Kimbrough,* of McAllen and Corpus Christi, for defendant in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit involved a controversy over a party wall. J. C. Penney Company filed this suit against H. E. Whittenburg and wife and the Rio Grande Securities, Inc., to recover one-half the cost of constructing a party wall which it had erected at its own expense, standing one-half on Lot 6, owned by plaintiff, and one-half on Lot 5, owned by defendants. The wall was built pursuant to an oral agreement between plaintiff and defendants' predecessors in title, wherein it was agreed that the latter, or their assigns, would pay one-half the cost of constructing the wall, should they or their grantees make use of it. Defendants had no notice of this agreement when they acquired an interest in Lot 5. Trial was to the court without a jury, resulting in a judgment for plaintiff in the sum of $1,165.00, with a foreclosure of an equitable lien on Lot 5. Upon appeal by defendants, the Court of Civil Appeals affirmed the judgment of the trial court. 140 S. W. (2d) 324.

The parties will be designated as plaintiff and defendants, as they were in the trial court.

The following are the salient facts relating to this controversy from its inception:

On May 14, 1929, J. C. Penney Company purchased Lot 6, Block 13, Town of McAllen, for the purpose of erecting thereon a building to house its mercantile store. Before beginning construction it entered into an oral agreement with Frank E. Osborn, L. L. Davis, and D. W. Webber, the then owners of Lots 4 and 5, adjoining Lot 6, wherein it was provided that plaintiff's south wall could be constructed one-half on Lot 5 and one-half on Lot 6; that the cost of construction was to be paid by plaintiff, but that when the owners of Lot 5 desired to erect a building thereon and make use of the party wall, they, or their assigns, would pay to plaintiff one-half the cost of building the wall. The parties contemplated that the agreement would be binding on them and their successors in title. Pursuant to this parol agreement, J. C. Penney Company erected the party wall, and completed its building before January 18, 1930.

On January 30, 1930, L. L. Davis executed a deed of trust on his undivided interest in Lots 4 and 5 in favor of H. E. Whittenburg, to secure the payment of a promissory note. On February 28, 1931, D. W. Webber executed a deed of trust on his undivided interest in Lots 4 and 5 in favor of the First National Bank in McAllen, to secure the payment of two promissory notes. These notes were subsequently assigned to the McAllen State Bank.

The Rio Grande Citrus Developers, Inc., having acquired title to Lot 5, made a written agreement with J. C. Penney Company, wherein it was agreed that, upon payment to the latter of the sum of $1,165.00, it would be entitled to join to and make use of the party wall. This agreement was dated June 16, 1931, and was filed for record on August 11, 1931; both dates being subsequent to the time Davis and Webber executed the deeds of trust hereinabove mentioned. Defendants deraign title through these mortgages.

Both Webber and Davis defaulted in the payment of their notes. The McAllen State Bank, on August 9, 1932, brought suit, No. B-9472, against D. W. Webber, H. E. Whittenburg, J. C. Penney Company, and others, on the two notes executed by Webber, and for foreclosure of its lien on Lots 4 and 5. All

defendants made default, and judgment was entered for the McAllen State Bank for the amount owing on the notes, and for foreclosure of its lien. However, the judgment provided that it should not impair any right Whittenburg may have to an undivided one-half interest in Lots 4 and 5 by virtue of the deed of trust executed by L. L. Davis. The judgment was never executed. It was thereafter purchased by the Rio Grande Securities, Inc.

Cause No. A-2232 was filed on January 22, 1935, by H. E. Whittenburg against the Rio Grande Securities, Inc., L. L. Davis, J. C. Penney Company, and others not necessary to mention, on the note executed by L. L. Davis, and for foreclosure of his lien on Lots 4 and 5. The Rio Grande Securities, Inc., filed a cross-action, setting up its ownership of Judgment B-9472, and asking for a clarification thereof. Judgment was entered for plaintiff, H. E. Whittenburg, for the amount owing on the note, and for foreclosure of his lien on Lots 4 and 5; subject, however, "to the rights and easement of said defendant, J. C. Penney Company, to use and maintain the party wall now existing * * * and the easement for the continued existence and maintenance of said wall as against all parties to this suit, their heirs, successors, or assigns." It also declared that the judgment in B-9472 was valid, and decreed that it be "merged into and incorporated herein," and that no process shall issue on same, but that process shall issue "out of this court and under this decree."

No appeal was taken from either judgment, and both became final. Execution was issued under judgment in Cause A-2232, and the lots were sold to Mrs. H. E. Whittenburg and the Rio Grande Securities, Inc. In 1937 they erected a one-story garage building on the property, and attached its north wall to the partition wall erected by J. C. Penney Company as a party wall. The J. C. Penney Company demanded contribution of defendants for one-half the cost of the wall, and upon their refusal brought this suit, basing its right to receive contribution on the oral agreement between it and Osborn, Davis, and Webber; or, in the alternative, the written agreement between it and the Rio Grande Citrus Developers, Inc.

The J. C. Penney Company alleged its oral agreement with Osborn et al, the construction of the party wall pursuant thereto, the subsequent execution of the note and mortgage by Davis to Whittenburg, and the filing of foreclosure suit A-2232. It pleaded the provisions of the judgment in that suit, assert-

ing that the judgment fully adjudicated that the oral agreement was in fact made, and that by virtue thereof, and its erection of the wall at its own expense, it became the sole owner thereof. It further alleged that because defendants had constructed the garage building, and had connected its north wall to the said party wall, they were under the duty to pay one-half the erection cost; or, in the alternative, to pay $1,165.00, being the amount provided for in the written agreement between plaintiff and the Rio Grande Citrus Developers, Inc.

Defendants alleged, among other things, that the matters sought to be litigated herein had already been litigated in Causes B-9472 and A-2232, and further alleged that at the time they became encumbrancers of Lots 4 and 5 they had no notice of the parol agreement between plaintiff and Osborn, Davis, and Webber, and that they were innocent purchasers for value, subject to an easement in favor of plaintiff to use and enjoy the partition wall; that they were owners of that portion of the wall standing on Lot 5, and asserted their right to use such wall without paying anything for the use thereof.

In entering judgment for the plaintiff, the trial court, in its conclusions of law, based its decision on the ground that the wall belonged absolutely to plaintiff, together with an easement on that part of Lot 5 occupied by it, until the owner of Lot 5 should contribute one-half the cost of construction; that by virtue of the wall standing partly on Lot 5 when defendants acquired their interest in the lot, they were charged with notice of the parol agreement; and that judgments in Causes B-9472 and A-2232 found that the parol agreement was made and that the party wall had been erected pursuant thereto.

The Court of Civil Appeals affirmed the judgment of the trial court, on the ground that it was immaterial whether the agreement between J. C. Penney Company and Osborn et al had been made, or was known to defendants when they acquired their interest in Lot 5; because, "in the absence of contract to the contrary," they were under duty to contribute a portion of the cost of the party wall by reason of their making use of it.

Defendants contend: (1) That the judgments rendered in Causes B-9472 and A-2232 are res judicata of the rights of plaintiff to maintain this suit; and (2) that, since they had no notice of the oral agreement when they acquired an interest

in Lot 5, they are not bound by its terms, and they may use the partition wall without paying therefor.

Much has been written on the subject of party walls. Undoubtedly there is much conflict of authority on this subject. We shall not undertake to reconcile such conflicts. There is a line of authorities holding that if the respective owners of two adjoining lots enter into a written agreement clearly binding their heirs and assigns, which provides that the wall of the building one of them is about to erect shall be placed upon the dividing line, and that when the other builds he shall use it as a party wall and pay a certain part of the cost to the party erecting same, and after the wall has been built both lots are conveyed, the grantee of the vacant lot who builds thereon and makes use of the wall must make payment therefor to the owner of the improved lot; and such contract is generally regarded as a covenant running with the land. Jones v. Monroe (Com. App.), 285 S. W. 1055; McCormick v. Stoneheart (Civ. App.), 195 S. W. 883; Arnold v. Chamberlain, 14 Texas Civ. App.; 634, 39 S. W. 201, writ refused; Knowles v. Ott (Civ. App.), 34 S. W. 295, writ refused; Hoffman v. Dickson, 47 Wash. 431, 92 Pac. 272, 93 Pac. 523, 125 Am. St. Rep. 907; Southworth v. Pering, 71 Kan. 755, 114 Amer. St. Rpts. 527, 81 Pac. 481, id. 82 Pac. 785, 2 L. R. A. (N. S.) 87; Hawkes v. Hoffman, 56 Wash. 120, 105 Pac. 156, 24 L. R. A. (N. S.) 1038.

■ The judgments in Causes B-9472 and A-2232 established the rights of the respective owners of the lots. It was adjudged that defendants were entitled to a foreclosure of their lien, subject to the right of J. C. Penney Company to use and maintain the party wall. Defendants have not agreed to pay for the use of the wall located on their land .There was nothing of record to put them on notice at the time the lien was acquired that they would be obligated to pay for the use of such wall. The mere fact that an adjoining owner makes use of a wall standing partly on his land, when he was not a party to the oral agreement under which it was erected, and there is nothing of record that would put him upon notice that he was expected to pay for the use of such wall, would not render him liable for any part of the cost of such wall. Griffin v. Sansom, 31 Tex. Civ. App. 560, 72 S. W. 864; 20 R. C. L., p. 1099; Thompson on Real Property (Perm. Ed.), secs. 623, 625, 628, 634; 47 C. J., p. 1349.

■ Defendants contend that the judgment rendered in Cause

A-2232 foreclosed every right plaintiff had in Lot 5 and improvements thereon, save and except only its right of "easement" to maintain the wall situated on the dividing line between the two lots, and that by virtue of that judgment the purchasers at the foreclosure sale acquired not only that part of Lot 5 on which the wall stood, but also that part of the wall situated upon Lot 5, in fee simple, subject only to the "easement" right of plaintiff for the use and maintenance of the wall; and that, therefore, such judgment was res judicata to plaintiff's right to now assert its right of "contribution."

. In Cause No. A-2232 J. C. Penney Company filed an answer, in which it alleged in detail the provisions of its oral agreement with Davis, Osborn, and Webber to construct the wall; "that said agreement should constitute a covenant running with Lots Nos. 5 and 6 and be binding upon the parties thereto and their successors and assigns"; that it was agreed that whenever the owners of Lot 5 should join to and make use of the wall, they would be required to pay J. C. Penney Company the sum of $1,165.00. The court entered judgment foreclosing the lien held by Whittenburg, and also that held by the Rio Grande Securities, Inc., subject to the right of J. C. Penney Company to use and maintain the wall. J. C. Penney Company did not ask for an adjudication of its right to "contribution," nor does the judgment mention that right. If J. C. Penney Company was entitled to demand "contribution" for the use of the wall, it was incumbent on it in Cause A-2232 to plead and put in issue, not only its right of "easement," but also its alleged right to "contribution." It had the right to litigate such issue in that suit, and since it failed to do so it waived that issue; and it will not now be permitted to relitigate its right to receive "contribution" in a new suit. Freeman v. McAninch, 87 Texas 132, 27 S. W. 97; Rio Bravo Oil Co. v. Hebert, 130 Texas 1, 106 S. W. (2d) 242; 26 Tex. Jur., p. 163, sec. 431.

We believe the case has been fully developed, and nothing would be accomplished by remanding it for a new trial. The judgments of the Court of Civil Appeals and of the trial court are both reversed, and judgment is here rendered that plaintiff take nothing by its suit.

Opinion delivered March 18, 1942.

Rehearing overruled April 29, 1942.