## GILBERT v. WOODRUFF.

1. **Party Wall: WHAT IS REQUIRED FOR.** While it is the duty of one erecting a party wall to make it of sufficient strength to support another building similar to the one of which it forms a part, yet he is not bound to make it strong enough to support any kind of a building which may be erected by the adjoining proprietor.

2. **Instruction: NEGLIGENCE.** An instruction which determined the question of negligence was properly refused, negligence being a *fact* to be ascertained by the jury.

*Appeal from Blackhawk District Court.*

WEDNESDAY, APRIL 7.

PLAINTIFF alleges in his petition that, in June or July, 1869, he was the owner of the northwest one-third of lot No. 1, in Mill Square, in the city of Waterloo, Iowa, that prior to that time he had erected upon said premises a three-story brick building which he used as a store, office, hall, etc.; that in the erection of said building he placed thereunder a cellar with substantial and suitable stone walls, which formed the foundation thereof; that in the months of June and July, 1869, the defendant, who was owner of the adjoining premises on the northwest, excavated and removed the earth therefrom in so careless and negligent a manner as to undermine and injure plaintiff's wall, causing the building to crack, etc., for which he asks to recover damages.

The answer admits the ownership of the several premises as alleged, denies the alleged negligence, denies that plaintiff placed a suitable and substantial foundation under his building, denies that he is injured, and alleges that the plaintiff, prior to defendant becoming the owner of his part of the lot, erected his building placing the wall in controversy on the line between them, that defendant used said wall in building on his ground, and paid plaintiff for the one-half value thereof, that the foundation wall was insufficient, and that the injury, if any, to plaintiff's building was the result of such insufficient foundation wall.

The cause was tried to a jury, resulting in a verdict for plaintiff. Defendant appeals.

*Miller & Preston*, for appellant.

*Boies & Couch*, for appellee.

MILLER, CH. J.—I. The first assigned error, urged in argument, is based upon the refusal of the court below to give certain instructions to the jury, asked by defendant.

These instructions, in substance, asked the court to charge the jury that in the erection of his building by the plaintiff it was his duty to build the wall, which stood on the line between his premises and those of the defendant, not only of sufficient height and strength, but also to so place it on such solid bearings and base, as would make it sufficiently substantial to sustain the building the plaintiff then erected thereon, *as well as the one that was erected on defendant's lot afterward*, and that, unless he did so, and the injury to the plaintiff's building was caused solely by the fault and negligence of the defendant in excavating for his building, plaintiff was not entitled to recover.

It may be admitted that, in the erection of a party wall under chapter 10, of title 13, page 269, of the Code, it was the duty 1. PARTY WALL: of the plaintiff to so construct it as to be sufficient what is required for. and proper, for the purposes of a party wall between plaintiff's building and one to be erected by the adjoining proprietor of similar size and character to that erected by the plaintiff. See *Cutter v. Williams et al.*, 3 Allen, 196. But clearly it would not be his duty to make the wall of sufficient strength, etc., not only for his own building, but also for any character or size of building that the adjoining proprietor might wish to erect. For example, if the plaintiff, as in this case, wished to erect a building to be used as a store, etc., he would not be required to make the partition wall of strength sufficient to sustain, in addition to his own building, one subsequently erected by his neighbor to be used as a mill, grain warehouse or other purpose, requiring much stronger walls than are needed for a store. The instructions

asked were vulnerable to this objection, and were for that reason properly refused.

II.   The instructions refused contained also the doctrine of contributory negligence, and although not objectionable perhaps in this respect if the doctrine applies at all in the case, yet the charge of the court fully covered this point in the seventh, eighth, and ninth paragraphs of the charge.

III.   So, also, with respect to the refusal of the court to give the fifth, sixth and seventh instructions asked by the defendant, the fifth and seventh are fully covered by the charge of the court, and the sixth was properly refused because it undertook to decide the question of negligence, which was one of fact for the jury.

2. INSTRUCTION : negligence.

IV.   It is next urged by appellant's counsel that the verdict is not sustained by the evidence, and is contrary to the instructions of the court.   Upon reading the evidence we find that although conflicting it is sufficient to sustain the verdict.

Having noticed all the alleged errors presented in argument and finding no error, the judgment must be

AFFIRMED.