WILLIAM CORNELL, Appellee, v. G. G. BICKLEY, *et al.*,
Appellants.

Party Walls: CONSTRUCTION OF STATUTE. The provisions of section
2019 of the Code that, one who is about to build contiguous to the land of
his neighbor may, if there be no wall on the line between them, build
a wall of brick or stone as high as the first story, and rest one-half of
the same upon his neighbor's land, will not authorize the erection of
such a wall where it will interfere with the maintenance of an out-
side stairway to the building upon the land adjoining, though there be
no wall upon the line dividing the two lots.

*Appeal from Blackhawk District Court.*—HON. C. F.
COUCH, Judge.

TUESDAY, MAY 17, 1892.

ACTION in equity to restrain the defendants from
erecting the wall of a building partly on the land of the
plaintiff. There was a full hearing on the merits of
the case, and the injunction was ordered as prayed.
The defendants appeal.—*Affirmed.*

*Boies, Husted & Boies*, for appellants.

*C. W. Mullan* and *H. H. Bezold*, for appellee.

ROTHROCK, J.—It appears from the evidence that
the plaintiff is the owner of a subdivision of a lot in
the city of Waterloo. The defendants are the owners
of another subdivision of said lot adjoining that part
owned by the plaintiff. The plaintiff erected a building
on his part of the lot some nineteen years since. The
building is two stories high, with a stairway on the
outside extending from the rear of the building upward
to the second story. The whole of the building, includ-
ing the stairway, is on the land of the plaintiff. The
defendant's part of the lot adjoins that of the plaintiff

on the side where the stairway is located.   In the year
1889, the defendants excavated a cellar on their lot up
to and over the line between the land of the parties,
and proposed to carry the wall up two stories as a party
wall, partly on the land of the plaintiff, which, if com-
pleted, would have destroyed the stairway, and
prevented the plaintiff from ingress and egress to his
building by any stairway at the side of the building.
The proposed wall would also have required the cutting
away of part of an outbuilding in the rear of the plain-
tiff's two-story structure.   This action was brought to
enjoin the defendants from using any part of the
plaintiff's land on which to erect the wall, and to
protect his stairway from being destroyed and his out-
building from being injured.   It is claimed by the
defendants that they have the right to erect a party
wall between the lots, using the line between the land
as the center line of the wall.

I. The right to erect party walls is found in section
2019 of the Code, and is as follows:   "In cities, towns
and other places surveyed into building lots, the plats
whereof are recorded, he who is about to build contig-
uous to the land of his neighbor may, if there be no
wall on the line between them, build a brick or stone
wall at least as high as the first story, if the whole
thickness of such wall above the cellar wall does not
exceed eighteen inches, exclusive of the plastering, and
rest the one-half of the same on his neighbor's land;
but the latter shall not be compelled to contribute to
the expense of said wall."   It is urged in argument
that the only limitation of the right to build a party wall
is that "there be no wall on the line between them."
In our opinion, this is rather too restricted a construction
of the statute.   If we should adopt that literal con-
struction, then a party would have the right to interfere
with the wall of his neighbor if it were an inch or
more from the line, so that it was in the way of such a

party wall as he desires to build. The statute must receive a reasonable construction. It evidently was intended to apply to the party who desires to erect a building on a lot adjoining a lot which is vacant, so that when a building shall be erected on the vacant lot the wall may be used in common; and it is not reasonable to hold that the word "wall" on the line shall be construed to mean a solid brick, stone or wooden wall. The word "wall" has reference to the part of the building on the line, and includes any permanent part of the structure or building.

II. It is further claimed that the defendants acquired the right to build a party wall by an agreement in parol with the plaintiff. It is true that an agreement was made that the defendants might erect the cellar wall of their building so that the center line of the wall would be on the line between the land of the parties. The conflict in the evidence arises upon the question whether the agreement contemplated that the wall of the building above ground should be carried up so as to destroy the plaintiff's stairway. As we read the evidence, this arrangement was at no time assented to by the plaintiff. The minds of the parties did not meet on the proposition that the plaintiff's stairway should be destroyed by a wall erected by the defendants. He made timely objection thereto, and we think he shows good grounds for his objection, in that he did not agree to it at any time. We need not set out the evidence on this question.

This disposition of the case renders it unnecessary to determine the questions as to whether the statute providing for party walls applies to parts of lots not separately surveyed and platted, and also whether a parol contract in regard to party walls can be enforced. The decree of the district court will be AFFIRMED.