112    487
134    361

MONROE LODGE No. 8, INDEPENDENT ORDER OF ODD FEL-
LOWS v. ALBIA STATE BANK, Appellant.

**Party Wall:** RECOVERY FROM ADJOINING OWNER. Plaintiff con-
structed a three-story building on its lot adjoining defend-
ant's, and, under Code, section 2994, providing that party walls
may be erected of brick or stone on the line between the lots
when the total thickness on the wall above the cellar does not
exceed eighteen inches, erected a wall on the line between the
two lots, making a footing course four feet thick and one
foot high, and a foundation wall eight feet high; building the
first story of the wall, above the foundation, of paving bricks
which are more expensive but more durable than building
brick. Defendant paid for no part of the wall at the time of
building, and three years later erected a two-story building
which required a footing course three feet thick and one foot
high, and a foundation wall seven feet high, using the party
wall. *Held*, that plaintiff could recover one-half of the
appraised value of so much of the wall as defendant used.

*Appeal from Monroe District Court.*—HON. ROBERT SLOAN,
Judge.

FRIDAY, DECEMBER 21, 1900.

ACTION to recover $500, alleged to be one-half the value
of a wall in common erected by the plaintiff, and now used
by the defendant. The case was tried to the court, and at
the resquest of counsel the court made special findings as to
the facts. Judgment was rendered in favor of the plaintiff
for $377.72½. The defendant appeals.—*Affirmed.*

*H. H. Trimble* and *T. B. Perry* for appellant.

*W. A. Nichol* for appellee.

GIVEN, J.—I. There is no dispute but that the facts
are as found by the courts. The following is a sufficient state-
ment of the facts for the purposes of the questions to be con-

sidered: These parties are corporations, and owned contiguous building lots, that have been surveyed and platted, and the plat recorded. During the year 1893 the plaintiff erected a three-story brick building, with stone foundation, on its lot, and, under the right given in the statute (Code, section 2994), erected the north wall substantially on the line between the lots—one-half on each side thereof. There is a slight variation as to part of the wall from the line, but this the court adjusted by a proper allowance, of which no complaint is made; and for the purpose of the questions we are called upon to consider, we may treat the wall as being one-half on each side of the line. The defendant did not pay for any part of this wall at the time it was built, but in 1898 it erected a two-story brick building on a stone foundation, using a part of said wall. The questions to be considered are these: Plaintiff's building required a footing course four feet thick and one foot high. The defendant's building only required a footing course three feet thick and one foot high. Defendant contends that it should only be required to pay one-half the value of a footing course three feet thick. Plaintiff's foundation wall is eight feet high above the footing course, thereby giving to defendant a basement eight feet high. Defendant's foundation wall is only seven feet high above the footing course, and consequently its basement is but seven feet high. The defendant claims that it should only be charged with one-half the value of a seven-foot foundation wall. The first story of this wall above the foundation is built of hard-burned brick, known as paving brick. These brick are more expensive, more durable, and will carry a greater weight than what are called "building brick." Defendant's bulding is of building brick, and it contends that common building brick were sufficient for this wall, and therefore it should only be charged upon that basis. The lower court found against the defendant on these claims, and it is of these findings that complaint is made.

II.  The wall in question extends further back than the defendant's building and is one story higher, but the plaintiff only asked to recover one-half the value of so much of said wall as is used by the defendant.  In *Beggs v. Duling,.* 102 Iowa, 13, we said:  "It is insisted on behalf of appellant that, as soon as any part of the ninety-foot wall was used, a cause of action arose against the user for one-half of the appraised value of the whole wall.  Use of but five feet of the wall one story in height would certainly not justify the taxing of one-half of the value of the entire wall, ninety feet long and two stories high, to the user of the small fraction of the wall; and use of fifty feet of the south end of the wall in common will not justify the conclusion that the whole wall is owned in common."

In view of plaintiff's claim and this authority, we accept it as established that the user is only to be charged with that part of the wall which he used.  In *Gilbert v. Woodruff,* 40 Iowa, 320, we said:  "It may be admitted that in the erection of a party wall, under chapter 10, title 13, p. 269 of the Code, it was the duty of the plaintiff to so construct it as to be sufficient and proper for the purpose of a party wall between plaintiff's building and one to be erected by an adjoining proprietor, of similar size and character to that erected by the plaintiff."  Now, as to the footing course, while a thickness of three feet was sufficient for defendant's building, it does not appear that it would have been sufficient for the party wall that must carry both buildings. Again, it was just such a footing course as it was the duty of the plaintiff to lay, and it is certainly true that the defendant is using that footing course in common with the plaintiff for the support of its building.  In *Beggs v. Duling, supra,.* we said:  "As used in this state, the word 'use' has reference to the habitual or permanent employment of the means to the accomplishment of a purpose, and this purpose is the utilization of the standing wall as a part of some permanent structure."  In the light of this authority, we think it is en-

tirely clear that the defendant is not only using the footing course, but the entire height of the foundation wall, as a part of its permanent structure. That part of this wall that incloses and supports the defendant's building is different from the parts thereof that are above and to the rear of defendant's building, as those parts neither inclose nor support it; but surely every part of the footing and foundation wall covered by the dimensions of the defendant's building does contribute to its support, and is being used by the defendant for that purpose.

We now notice the contentions as to the use of paving brick: The statute (Code, section 2994) requires that walls in common be built of brick or stone, but does not provide as to the kind or quality of brick or stone. It may be that if the builder builded of an unnecessarily expensive brick or stone, or to an unnecessary depth, the user should not be charged on that basis; but how this may be we need not determine, as it does not appear that the use of paving brick or the depth was either unusual or unnecessary in the erection of such a building as the plaintiff's. As we have seen, in the case in 40, Iowa, *supra,* it was the duty of the plaintiff to so construct this wall as to be sufficient as a party wall between its building, "and one to be erected by an adjoining proprietor, of similar size and character to that erected by the plaintiff." While it may be true that this wall, constructed of common building brick, would have been sufficient to carry the defendant's building, it might not have been sufficient to carry both. In *Gilbert v. Woodruff, supra,* it was further held that the builder was not required to make a wall sufficient for his own and any size and character of building that the adjoining proprietor might wish to erect; but, as plaintiff did not so build, that rule has no application here. The defendant did build this wall of the material and dimensions required by the statute, and sufficient to carry his own and a similar building that the plaintiff might erect, and therefore has complied with all the conditions re-

·quired as to party walls. While it may be true that plaintiff
was not warranted in using unnecessarily expensive material,
it certainly was warranted in using such brick or stone as
would insure safety and durability in the wall. Counsel
for appellant argue that it is the value of the wall to the
·appellant that is to be charged against it, and therefore in-
sist that, as a wall of common brick would serve its purpose,
it should only be charged on that basis. It is one-half of
its appraised value at the time of using it that is
to be charged to the defendant (Code, section 2995)
—not its value to either party, but its value as a
wall in common. Ordinarily such value is arrived at
by ascertaining the reasonable cost of the wall, and deduct-
ing for any depreciation that may have occurred before the
same is used by the contiguous owner. We think the con-
clusions of the district court on these questions were correct,
and, as the amounts found thereon are not questioned, the
judgment is AFFIRMED.