FLORA M. WRIGHT et al., Appellees, v. L. W. GOLDHEIM, Appellant, et al.

**PARTY WALLS:** Undermining Wall. A defendant in an action for
1   damages resulting from the undermining of a party wall and
causing it to fall, may not complain that the trial court held
him liable for *negligence* only.

**MASTER AND SERVANT:** Independent Contractor. An independ-
2   ent contractor is something more than a mere superintendent
or overseer of work at an agreed compensation, even though
the latter had authority to employ all labor and to buy all
material, but at the expense of the owner.

*Appeal from Crawford District Court.*—M. E. HUTCHISON, Judge.

NOVEMBER 16, 1918.

ACTION at law to recover damages occasioned to plaintiff's property by the alleged negligence of the defendants. The material facts are stated in the opinion. There was a judgment in favor of plaintiffs against the defendant Goldheim, and he appeals.—*Affirmed.*

*Conner & Powers,* for appellant.

*R. Shaw Van* and *Sims & Kuehnle,* for appellees.

WEAVER, J.—The plaintiffs are, and for a considerable period have been, the owners of a certain lot in the city of Denison, on which, prior to the matters complained of, they had long maintained a two-story brick building. During such period, and until the present time, the defendant Goldheim has

1. PARTY WALLS:
undermining
wall.

owned the lot adjoining the plaintiffs' on the south, and has maintained thereon another two-story brick store building. The wall between the buildings was upon the partition line, and was owned in common. The Goldheim building was the first constructed, and the joists upon each floor of the building extended into and were supported by the party wall. The joists of the first floor of plaintiffs' building were supported upon an independent wall, or foundation; but the joists of the second floor and the ceiling joists of that story were let into and rested upon the party wall. In the summer of 1915, Goldheim determined to wreck his store building and erect a new one upon the same site. When this work had so far progressed that the materials of the old building had been taken down and removed, and some degree of excavation had been done in the cellar or basement, the partition wall collapsed, causing the practical destruction of the plaintiffs' building.

In this action, plaintiffs allege that the fall of the party wall and the resulting injury to their property were caused by the act of the defendants in removing the support of such wall and undermining it, and in failing to use reasonable and proper care to perform the work in such manner as not to imperil or injure the adjoining property of the plaintiffs.

The defendant Goldheim denies that he is justly chargeable with negligence or want of reasonable care in the manner of doing the work, or that the fall of the wall was due to any fault on his part. He further pleads that the contract for removing the old building, preparatory to the construction of the new one, had been let by him to his codefendants, Renfro & Lewis, as independent contractors; and that he himself retained no control or direction over said contractors, who exercised their own discretion in the employment of help, and in the manner in which the work was to be done or accomplished; and that for their acts or omis-

sions, if any, he is in no manner responsible. He also alleges that the real and proximate cause of the fall and injury to plaintiffs' building was its weak, decayed, and dilapidated condition, and not, in any respect or degree, the failure of duty on his part.

There was a trial to a jury, resulting in a verdict for plaintiffs for $2,000; and, judgment having been rendered thereon, the defendant Goldheim appeals.

Appellant's argument for a reversal is based upon two grounds: First, that the trial court erred in overruling defendant's motion for a directed verdict, at the close of all the evidence; and second, that the trial court erred in its charge to the jury.

I. The first assignment, more specifically stated, is that the measure of defendant's responsibility or duty in the premises was reasonable care to avoid injury to plaintiffs' property, and that the evidence not only fails to show any failure or neglect on his part in this respect, but affirmatively establishes his due care, as a matter of law.

Assuming, for present purposes, that plaintiffs' right of recovery rests upon proof that the fall of the party wall and the injury to plaintiffs' property were occasioned by the negligence of the defendants in wrecking the Goldheim building, and in excavating the soil adjacent to the wall, we are quite clear that the testimony, as a whole, was sufficient to carry that question to the jury. Without attempting to recite the testimony of individual witnesses, it may be said that there was evidence tending to show that the taking away of the appellant's building left the party wall, 12 or 13 inches in thickness, 60 feet in length, and 38 feet in height, without any support, except such as inhered in the nature of its own materials and the manner of its construction, and except such as it received from its connection with the plaintiffs' building. It appears that appellant's building was the first erected, and that the party

wall was a part of the original structure, and had been standing some 40 years, at the time it collapsed. The ends of the joists in this building were laid in the wall to the depth of 8 inches. When plaintiffs' building was subsequently erected, the ends of the joists on the first floor were not let into the wall, but rested on an independent foundation; while the floor joists and ceiling joists of the second story entered the walls in holes cut therein to the depth of about 4 inches. Having removed appellant's building from the south side of the wall, defendants excavated the cellar, or basement, about 3 feet lower than it had theretofore been maintained, and below the foundation of the wall, leaving a berm, or bench, of earth, which some of the witnesses describe as not exceeding 2 or 2½ feet in thickness, at the foot of the wall. There was also evidence that, at one point, a section of this berm of about 6 feet in length was removed, and that, for this distance, the earth foundation under the wall had been taken out down to the level of the new excavation, and that, when the collapse occurred, workmen were engaged in building up a new wall in this opening, as a foundation or support on which the old wall was to rest. No brace or "crate" or other support than we have described had been provided by the defendants on their side of the wall, to counteract any weakening effect therein, resulting from the removal of the lateral support which it had formerly received from appellant's building, or from the excavation of the basement story below the wall foundation; and there was evidence from which the jury could find that due care was not used in this respect. It appears to have been the purpose of the defendants to leave a berm of sufficient proportions to prevent a sliding of the wall into the new excavation, and then to remove the berm and the earth foundation of the wall, a short section at a time, and replace it with a new wall. This, if successfully accomplished, would, when completed, have the effect of

leaving the old party wall resting on the new wall, inserted below it, without any injurious effect upon the plaintiffs' property. That this was an approved plan of making the proposed improvement of appellant's property may be conceded; but whether such work, as performed by the defendants, was prosecuted with the care and skill necessary to avoid a collapse of the wall, is by no means so clear as to make the answer to that question a matter of law. As we have already intimated, it was an open question, under the evidence, whether the berm of earth left at the foot of the wall was of reasonably sufficient proportions; whether the section of the berm and of the earth foundation removed from under the wall was or was not greater than due care for its support would permit; and whether due care required bracing or other support from appellant's side of the wall. These were all material questions of fact for the jury. It was also a fair question of fact for the jury whether failure to exercise reasonable care in these respects was the proximate cause of the injury.

II. While appellant took many exceptions to the charge of the court to the jury, yet, in his statement of points relied upon for a reversal, and in his argument to this court, the only specific assignment of error is upon the giving of an instruction to the effect that, in wrecking the Goldheim building, and making the excavation there-

2. MASTER AND SERVANT: independent contractor.

under, the defendants Renfro & Lewis were the agents of Goldheim, and that their acts in such respect are to be treated as his acts.

The theory of the appellant in this exception is that Renfro & Lewis were independent contractors, for whose negligence, if any, the appellant was not liable. The instruction was not erroneous. The work done by Renfro & Lewis was performed under a written contract, by which they undertook to "superintend" and to "superintend and

direct" the work of wrecking the old building and con-
structing the new one to be built on the same site; and,
while they were given authority to employ all necessary
labor and procure all necessary materials for the perform-
ance of such work, all such doings and expenditures were
to be reported, with proper vouchers, to the appellant every
week, and he bound himself to promptly pay the expenses
thus incurred, and repay any advancements made by them
on his behalf, together with an agreed compensation for
the services so rendered. The relations thus disclosed were
clearly not those of owner and independent contractor.
Renfro & Lewis were the employed superintendents or over-
seers of the work, for an agreed compensation. Their ob-
ligations were neither more nor less than those of an em-
ploye to his employer, or of an agent to his principal; and
there was no error in so instructing the jury.

III.   The court's charge to the jury is founded on the
theory that proof of negligence on the part of defendants
was essential to plaintiffs' right of recovery, and that such
recovery could not be had for any negligence other than was
specifically charged in the petition. The jury was also told
that the mere fact that the building or wall fell, would not,
of itself, justify a finding of negligence on the part of the
defendants, nor would defendants be liable in damages if
plaintiffs' building collapsed because of its weak or defec-
tive condition, nor if it fell from any cause other than the
negligence charged.   The court further charged that de-
fendants had a right to excavate and to dig under the party
wall if, in so doing, they exercised reasonable care in the
manner of doing the work.   In all this, we think it evident
that the appellant has no ground of complaint.   On the
contrary, the charge was very favorable to the defense, and
strictly in accord with the general rules of law which his
counsel cite and reply upon in the presentation of the appeal
to this court.   Assuming, as we must, that the jury gave

heed to the charge, it follows that they found that defendants were negligent; and in this we hold, as already indicated, that their verdict has support in the evidence.

To avoid any misunderstanding of this decision as a precedent, we think it proper to say that the cases and authorities cited and relied upon by the appellant, nearly or quite all of them, have reference to the right of lateral support where the land upon one or both sides of the partition line is in its natural condition. That rules applicable to such a situation are subject to very material modification, where the owners on both sides have erected buildings separated only by a party wall which both have utilized, is well established; but, in view of the fact that the case seems to have been tried without any special reference to the distinction which we have suggested, we shall not now attempt to discuss it or define its proper limits. See *Starrett v. Baudler,* 181 Iowa 965. See, also, *Eno v. Del Vecchio,* 6 Duer (N. Y.) 17; *Partridge v. Gilbert,* 15 N. Y. 601; *Brooks v. Curtis,* 50 N. Y. 639; *Webster v. Stevens,* 5 Duer (N. Y.) 553; *Dowling v. Hennings,* 20 Md. 179; *Stevenson v. Wallace,* 27 Gratt. (Va.) 77; *Bradbee v. Mayor,* 4 Man. & G. 714; *Miller v. Brown,* 33 Ohio St. 547. And see the very thorough annotation of cases bearing on rights in party walls in *Bloch v. Isham,* 92 Am. Dec. 287, 289, 305; also, in *Dunscomb v. Randolph,* 89 Am. St. Rep. 915, 924, 945, and *Walker v. Strosnider,* 21 Ann. Cas. 1. It is further to be remembered that, in this state, we have a statute regulating party walls, and to some extent defining the rights of adjoining owners therein.

The record in this case discloses no error to the prejudice of the appellant, and the judgment below is—*Affirmed.*

Preston, C. J., Gaynor and Stevens, JJ., concur.