KAWNEER MANUFACTURING COMPANY, Appellant, v. RENFRO & LEWIS et al., Appellees.

MECHANICS' LIEN: Right to Lien—Right of Subcontractor. Sec.
1    3093, Code Supp., 1913, providing for the lien of the subcontractor, declares that nothing therein "shall be construed to require the owner to pay a greater amount or at an earlier date than is provided in his contract with the principal contractor;" and where there is nothing due to the principal contractor, because of his failure to complete the building, a subcontractor furnishing material is not entitled to a lien.

MECHANICS' LIEN: Right to Lien—Collapse of Building before
2   Completion. Where, under a contract for the erection of a build-
ing, the contractors undertook to furnish and deliver all
materials and pay all labor and perform and oversee the con-
struction of the building, and, upon completion according to
plans and specifications, were to receive the agreed compen-
sation, and the building collapsed and was ruined before its
completion, neither the contractor nor the subcontractor was en-
titled to a mechanics' lien thereon, nor to recover from the
owner.

MECHANICS' LIEN: Right to Lien—Owner Excused by Negli-
3   gence of Contractor. In an action by a subcontractor to enforce
a mechanics' lien on a building, where the contract provided
that payment was to be made only upon completion of the
building according to plans and specifications, and the terms
were not complied with, by reason of the collapse of the build-
ing, proof of the contractor's negligence, and the consequent
destruction of the building, was material only as showing that
the destruction was not the owner's fault.

*Appeal from Crawford District Court.*—E. G. ALBERT,
Judge.

SEPTEMBER 20, 1919.

SUIT in equity to establish and foreclose a mechanics'
lien. The trial court found for defendants, and plaintiff
appeals.—*Affirmed.*

*Conner & Powers,* for appellant.

*R. Shaw Van* and *Sims & Kuehnle,* for appellees.

WEAVER, J.—The defendants Renfro & Lewis, a firm
of building contractors, entered into an agreement with
their codefendants, Flora M. Wright and Richard Kinney,
for the improvement, alteration, and repair of a two-story
brick block, owned by the parties last named, in the city
of Denison, Iowa.

The plaintiff is a dealer in building materials, and
claims to have sold and delivered to Renfro & Lewis cer-

tain material, to be used in the performance of their contract with Wright and Kinney, to the amount and value of $265. The indebtedness thus created not being paid, plaintiff filed its claim for a lien upon the property, and brings this action to foreclose the same.

The defendants Wright and Kinney, separately answering, deny the plaintiff's claim; deny that plaintiff has or is entitled to any lien against their property for the indebtedness of Renfro & Lewis; and deny that they or either of them are indebted in any sum to said contractors. Further answering, the defendants allege that, by the terms of their contract with Renfro & Lewis, payment was to· be made only upon the furnishing of the material and completion of the work contemplated by the contract, and that, before the contract was performed or its conditions fulfilled, the building collapsed and was ruined, by reason of the negligence of the contractors in constructing another building on the adjoining lot for one Goldheim, whereby said answering defendants never became and are not now indebted to Renfro & Lewis on account of their said work, and their said property never became and is not now subject to plaintiff's alleged lien.

In reply, plaintiff alleges that the materials furnished by it were used in the building, and that Wright and Kinney had elected to bring their action for damages against Goldheim for the value of their building in its improved condition, and had recovered judgment therefor.

The trial court found for the defendants, dismissed the bill, and plaintiff appeals.

By way of further explanation, it may be said that the judgment in the action by Wright and Kinney against Goldheim was affirmed upon appeal to this court. See *Wright v. Goldheim*, 184 Iowa 1041.

I.   As an introduction to their argument, appellant's

counsel state certain abstract propositions of law as follows:

1. That the fact that no building was on the lot when the claim for a lien was filed does not defeat the right to a lien.

2. That substantial performance of the contract is sufficient to sustain a recovery of the price, subject only to reasonable deduction for slight defects or deficiencies in the work done.

3. That destruction of the building without the contractor's fault relieves the contractor from further performance, and he is entitled to recover for the work done and materials furnished.

4. That a defense which is not available by the owner against the principal contractor will not serve to defeat the lien of a subcontractor.

For the purposes of this case, all these propositions may be conceded, without necessitating any other conclusion than was reached by the court below. The appellees do not contend, nor did the court hold, that they can defeat or avoid plaintiff's right to a lien if, as between appellees and Renfro & Lewis, the latter are entitled to recover upon the contract, or for the value of the work done and materials furnished by them. Their defense, briefly stated, is that they never became and are not now indebted to Renfro & Lewis, and that, as a necessary result of that fact, their property cannot be subjected to a lien to secure payment of the debt of Renfro & Lewis to the plaintiff. That this is a good defense to the plaintiff's claim, if borne out by the record, cannot be doubted. The statute which provides for the right of a subcontractor to a lien upon a building or property expressly declares that nothing therein "shall be construed to require the owner to pay a greater amount or at an earlier date than is provided in his con-

1. MECHANICS' LIEN: right to lien: right of subcontractor.

tract with the principal contractor." Code Supplement, 1913, Section 3093.

The language quoted is too clear and unambiguous to call for construction, and renders unnecessary any citation or quotation from the numerous precedents to the same effect.

II.   Does the record show any indebtedness by Wright and Kinney to Renfro & Lewis?

The contract between these parties was in writing. By its terms the contractors undertook to

2. MECHANICS' LIEN: right to lien: collapse of building before completion.

"furnish and deliver all materials required, hire and pay all necessary labor, and perform and oversee the construction of the building according to the plans and specifications," and to complete the same within 30 days from the time the materials were received for the glass front which was to be put in the building. In consideration of this undertaking, the owners agreed to pay to the contractors the sum of $1,600, "upon completion of the building according to the plans and specifications."

That the building did collapse and became a heap of ruins is conceded. As to the condition of the work, under the contract, at the date of destruction of the building, the testimony given by Renfro & Lewis is to the effect that there still remained to be done the setting of certain glass, the completion of certain steps, and some unfinished painting. Their statement is:

"The lights had not arrived at that time, and we were waiting for them. They were to be put in place when they came. It would require about two hours to put them in place. There had been but one coat of paint put on at that time. There were three steps that the risers were not in; otherwise, the building had been fully completed for three or four days."

No notice had been given to the owners of the com-

pletion of the work, and the contractors had not offered or tendered to the owners the possession or control of the building.

In short, though the work had been, to a great extent, performed, there was and is no claim or pretense that it was, in fact, completed or ready for delivery. Had the contractors, a moment before the collapse, demanded payment of the contract price, the owners would have been under no obligation or duty to accept the building as a finished work, or to pay the contract price. The contractors were still rightfully in possession, and if, by their neglect, the building was destroyed, surely the owners were under no obligation, legal or moral, to pay for it. As between the owners and the contractors, the fact that the fall of the building was occasioned by the neglect of the latter was adjudicated in the case of *Wright v. Goldheim,* supra; and while that question may not be *res adjudicata* as against the plaintiff in this case, the burden is, nevertheless, upon it to show, if it can, a state of facts from which the court may find that the appellees are indebted to said contractors for the work in which the materials sold by them were used. In this respect, there is not only a failure of proof, but it affirmatively and convincingly appears that such indebtedness does not exist.

III. Appellant makes the point that the negligence of the contractors which caused the fall of the building being in the performance of work done by them for Goldheim on the adjoining lot, and not any lack of care in the performance of their work under the contract with appellees, the rules of law to which we have adverted have no application. We are unable to see how this distinction can be drawn or justified. If the contractors, by their own fault, failed to complete the building, or brought about its destruction before it was ready for delivery to the

3. MECHANICS' LIEN: right to lien: owner excused by negligence of contractor.

owners, it is wholly immaterial whether the fault with the consequences of which they are charged, occurred while doing the appellees' work, or while engaged in any other act or employment. Counsel seem to think that the owners cannot rely upon any defense, as against the subcontractor, unless it be such as would be available by an owner against the principal contractor, and arise out of the contract itself; and that, under this rule or principle, the contractors' act or negligence in the service of Goldheim cannot be relied upon to release the owners from obligation to pay. But, taking the rule to be as stated, for our present purposes, it is not available to appellant. The defense here relied upon does arise upon the contract. By that contract the owners agreed to pay the stated price when the work was completed according to the plans and specifications, and they cannot be put in default until those terms are complied with. Concededly, the principal contractors have never performed, and have, therefore, never become entitled to payment. Proof of their negligence and the consequent destruction of the building is only material as showing that the destruction of the subject-matter of their employment was rot due to the fault of the owners.

The contractors are denied the right to recover, not because of their negligence, but because they have not performed their agreement. Had they abandoned the building in its unfinished condition, or had tendered or turned it over to the appellees in such condition, then the question of substantial performance, or whether they could recover the agreed price, less the cost of the items of work undone, or whether they could recover under some application of the doctrine of *quantum meruit,* would be of pertinence; but it has none under the record as it stands.

The decree of the district court is right, and it is—*Affirmed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.