KEITH FURNACE COMPANY, Appellee, v. GEORGE MINEAR et al., Appellants.

No. 44873.

June 18, 1940.

Havner, Flick & Powers, for appellants.

Guy A. Miller, for appellee.

HALE, J.—Plaintiff is the owner of a tract of land, being a part of the west part of lot 6 in block 10 in Brewer & Company's addition to the city of Des Moines, and the defendants are the owners of a tract of land lying immediately east of the plaintiff's lot. The lots extend north and south and the buildings thereon face the east-and-west street. A dispute arose about 1930 between the adjacent owners as to the boundary line between the two tracts. On appeal to this court in two actions, each entitled Minear v. Keith Furnace Company, the cases were decided December 16, 1931, and the opinion thereon is found in 213 Iowa 663, 239 N. W. 584. This court therein determined the boundary line in favor of the defendant, finding that the building of the defendant in that case (plaintiff in the present action) was a few inches to the west of the lot line. There was also a finding that the Keith Furnace Company's box screens and the windows, opening outwards, extended beyond the true line, and the company was directed to remove the same, which was done. By decree rendered in this court in conformity to the opinion it was found that the true line ran in a straight line and parallel with and three inches to the east of the main east wall of the Keith Furnace Company factory building, and it was so adjudged and the title quieted in such company, the plaintiff in the present action. The decree further ordered the modification of the windows and the removal of the box screens so as to prevent trespass upon the property of the plaintiff. In the present action the defendants concede that the true boundary line between the contending parties is

three inches to the east of the main east wall of the furnace company's factory building.

The present action was commenced by the filing of a petition for injunction on August 17, 1938, the plaintiff alleging that the decree of this court had not been complied with; that a building had been erected by the defendants herein and attached to the east wall of the plaintiff's building by cutting holes in such east wall and inserting lag screws, and by flashing inserted into the mortar joints of plaintiff's building. The defendants by answer denied the injury complained of and claimed ownership as to part of the line. Other issues were involved about which there is no controversy here, and they are not considered in this opinion. Trial was had to the court and on December 2, 1938, a decree was filed finding "that said boundary line, as fixed by the Supreme Court of Iowa and as binding upon all the parties hereto, is one which runs from Dean Avenue on the North southward to the south line of said Lot 6, Block 10, of Brewer & Co.'s Addition, now included in and forming a part of the City of Des Moines, Iowa, parallel with and three inches to the east of the main east wall of the Keith Furnace Company factory building. The Court further finds that that part of said building or buildings which now occupies any part of the real estate west of the line hereinbefore described should be, by the defendants, removed therefrom by the 15th day of April, 1939, so that the said buildings of the defendants will be on the or east of said line. The Court further finds that the term, 'main east wall of the Keith Furnace Company factory building,' includes the footings thereof;" and the decree orders removal of the buildings. Appeal was taken to this court from this decree.

As stated by the defendants, the only issue on this appeal is the location of the division line—that is, whether the boundary line is three inches east of the brick part of the wall, or whether the boundary line is three inches east of the footings of the east wall. The building of the plaintiff extends from the street on the north to the south, but the north end of the building does not extend the entire width of the lot.. The east wall

of the building runs to the south 30 or 40 feet, then jogs east several feet, and runs thence south a distance of 150 feet or more, so that the plaintiff claims there are two east walls to the furnace company's building, and that it is the 150-foot wall that is known as the "main east wall," and that that is the wall which is designated in the opinion of the supreme court as "the main east wall." The defendants, however, insist that the main east wall refers only to the brick wall and does not include the footings.

The question then resolves itself simply into what constitutes the main east wall referred to in the opinion and the decree of this court conforming to such opinion. In the opinion of the district court wherein this action was tried, "three inches to the east of the main east wall" referred to the entire wall, including the footings, which would, under the evidence, bring the east line approximately nine inches to the east of the brick work in the wall.

We are inclined to think that the contention of the plaintiff is correct. No authority is given by the defendants in support of their claim, defendants' idea being that the words in the decree, "main east wall," were referable only to the brick part above ground, and to distinguish such wall from the lower part, or foundation and footings. The exact question has never been determined by this court. The law relating to party walls is not of great assistance, as the wall in question was not intended to be and was not a party wall, being erected entirely within the boundaries of plaintiff's property.

In Cornell v. Bickley, 85 Iowa 219, 221, 52 N. W. 192, 193, this court said:

"The word 'wall' has reference to the part of the building on the line, and includes any permanent part of the structure or building."

In Molony v. Dixon, 65 Iowa 136, 140, 21 N. W. 488, 490, 54 Am. St. Rep. 1, an action to recover for the use of a party wall or wall in common, the question arose as to what was a part of the wall, and the court said:

"There was evidence tending to show that there was an iron pilaster in front of, but which formed a part of, the plaintiff's wall; and that a 'lintel' in the defendant's building rested on the pilaster. The lintel, as we understand, supported the wall over the stairway. The plaintiff introduced evidence showing the value of the pilaster, which the defendant moved to strike out, on the ground that the evidence was immaterial. The motion, as we think, was rightly overruled, because the pilaster was just as much a part of the wall as the brick and mortar."

So in the case of Monroe Lodge v. Albia State Bank, 112 Iowa 487, 490, 84 N. W. 682, 683, which was an action to recover one half the value of a wall in common. The defense was that the builder of the wall used unnecessarily expensive material, but the court held that it was not unusual or unnecessary, and said:

" * * * but surely every part of the footing and foundation wall covered by the dimensions of the defendant's building does contribute to its support, and is being used by the defendant for that purpose."

Wright v. Goldheim, 184 Iowa 1041, 169 N. W. 343, cited by defendants, was a damage action for negligence in the removal of a wall, and the general holding of the court in that case was that the part of the wall below the ground was as much a wall as that above the ground.

We think also that the evidence in this case indicates that the window sills or ledges in the wall, which, by the decree of the supreme court, were not required to be removed, protruded beyond the bricks of the wall to a distance so that their east edge was perpendicular with the east edge of the footings. Evidence was admitted showing that the plaintiff company pays taxes on the strip of ground three inches to the east of the footings. Since the footings supporting the wall extend to the east a distance of six inches beyond the brick work of the main or longer part of plaintiff's building, if they constitute a part of the main wall, this would locate the dividing line between

the two properties at nine inches from the brick work or three inches to the east of the footings. It is so contended by the plaintiff. We think the contention of the plaintiff is supported not only by the evidence but also by the general definition and understanding of what constitutes a wall. We believe that when reference is made to a wall, as it was in the decree of this court, it cannot be limited only to that part of the wall which is composed of brick or which may be above ground. Webster's New International Dictionary defines "foundation" as: "The supporting part or member of a wall or structure, including the base course and footing courses;" and "footing" is defined therein as: "An enlargement at the lower end of a wall, pier, or column, to distribute the load." We think the generally accepted meaning of the word "wall" includes both the footing and the foundation. The case of Hamra v. Simpson, et al., 232 Mo. App. 158, 162, 108 S.W. 2d 777, 779, in a decision filed August 2, 1937, in an action involving a party wall contract, states:

"Notwithstanding the theory of the plaintiff to the contrary, we believe the trial judge was cognizant of, and took into consideration, the fact that the wall necessarily has a foundation. A wall includes the foundation and the coping thereof, and in most cases, a party wall is such from the foundation to the top, or not at all."

We hold that the term "main wall" as used in the decree of this court in the former case means the entire wall, to include the footings thereof, and that the division line would, as stated, be at a distance of nine inches to the east of the brick work of the wall, extending through the tract parallel to the building.

Other questions raised by plaintiff on matters of procedure in this case, need not be considered here, as we determine from the facts that the decree of the district court should be affirmed. —Affirmed.

OLIVER, SAGER, MILLER, STIGER, MITCHELL, and RICHARDS, JJ., concur.